579 So.2d 410 (1991)
Kent KEARNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-454.
District Court of Appeal of Florida, First District.
May 24, 1991.
Edward S. Stafman, Tallahassee, for appellant.
James Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We dismiss this appeal for lack of jurisdiction.
Appellant entered a plea of nolo contendere to three counts of grand theft and one count of possession of stolen credit cards. At the sentencing hearing appellant stated he wanted to reserve the right to appeal the issue of the amount of restitution ordered by the court, if that became a problem. Appellant was sentenced to two years of community control on each count. All sentences were to run concurrently. The court did not order restitution.
Appellant appealed. The state moved to dismiss for lack of jurisdiction, citing section 924.06(3), Florida Statutes, and Hughes v. State, 565 So.2d 354 (Fla. 1st DCA 1990) in support of the motion. We denied the motion. See Ford v. State, 575 So.2d 1335 (Fla. 1st DCA 1991).
Appellant's counsel filed an Anders[1] brief. In conformance with Anders we granted appellant the right to file a brief pro se, but he has not filed a brief.
In Robinson v. State, 373 So.2d 898, 903 (Fla. 1979) the Florida Supreme Court held that a party who pleads guilty (or nolo contendere) can still raise the following issues on direct appeal despite the guilty plea:
1. subject matter jurisdiction of the trial court;
2. illegality of the sentence;
3. failure of the state to abide by the terms of the plea agreement; and
4. the voluntary and intelligent nature of the plea.[2]
Appellant has raised none of these issues on appeal. Pursuant to our obligations under Anders we have reviewed the record and we perceive no error in regard to any of the issues which survive under Robinson.
Accordingly, we hereby dismiss this appeal.
SHIVERS, C.J., and ERVIN and WOLF, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] It is not entirely clear whether these are the only items which can be directly appealed after a plea. The supreme court said "to our knowledge they would include the following... ." Id. (Emphasis added). For the reasons stated we need not decide that issue.