612 So.2d 676 (1993)
Kenneth MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-339.
District Court of Appeal of Florida, First District.
January 21, 1993.
*677 J. Garfield Hurt of Hurt, Pafford & Carstetter, P.A., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Murphy appeals from a final order that he violated the terms and conditions of community control. Appellant asserts that the trial court erred in revoking his community control based on a prior uncounseled plea in a disorderly intoxication case. We find that it is unnecessary to reach this argument as the state presented independent proof of appellant's violation of the law, and the trial court made an independent finding concerning this violation. We thus affirm as to this point. We do, however, remand because the trial court failed to enter a written order specifying which conditions of community control had been violated.
Appellant was charged with violating a number of conditions of community control. The trial court found appellant violated condition (11) of probation by failing to remain at his approved place of residence during times he was required to be there, and that he violated condition (5) by failing to remain at liberty without violating the law in that he had committed the offense of disorderly intoxication.
At the conclusion of the hearing, the trial court also found that several of the challenged violations had not been proven. The final written order, while revoking community control, does not state which conditions have been violated. The order of revocation must state the conditions which were violated. Haynes v. State, 571 So.2d 1380 (Fla. 2d DCA 1990). We, thus, reverse and remand for entry of a written order specifying the conditions which had been violated, in conformance with the court's oral pronouncement.
SMITH, ALLEN and WOLF, JJ., concur.