SHIVERS, Senior Judge.
David Allen Titus has appealed from an order revoking his probation. We reverse, and remand for entry of a written order specifying the conditions of probation found by the court to have been violated.
Titus pled guilty to child abuse, a first-degree misdemeanor. Pursuant to his plea agreement, the trial court imposed one year probation, Condition 14 of which permitted “no direct or indirect contact with the victim *1028 [Titus’ daughter]” unless approved by the court. An affidavit of violation of probation was thereafter filed, alleging Titus’ presence in the victim’s home while she was there.
At the subsequent hearing, Titus’ probation officer stated that, after visiting the victim at her home, he was informed that Titus had been concealed in a closet during the visit; Titus’ wife corroborated this testimony. At the conclusion of the hearing, the trial court orally found that Titus violated Condition 14 by his presence in the victim’s residence while she was there. The court thereupon revoked Titus’ probation, adjudicated him guilty of child abuse, and sentenced him to one year in the county jail. The written revocation order does not reflect the condition found violated by the court.
Titus’ counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that he can make no good faith argument for reversal, but pointing out the failure of the written revocation order to specify the violation. The state has moved to dismiss the appeal, citing section 924.06, Florida Statutes (1991) (a defendant who pleads guilty shall have no right to a direct appeal), and pointing out that Titus raises no issue which survives such a plea, as set forth in Kearney v. State, 579 So.2d 410 (Fla. 1st DCA 1991).
First of all, we deny the motion to dismiss as inapposite. Titus did not plead guilty to the alleged violation of probation, but rather was found to have violated probation after an evidentiary hearing. On the merits of the appeal, an order of revocation must state the conditions which were violated. Murphy v. State, 612 So.2d 676, 677 (Fla. 1st DCA 1993). We therefore reverse the revocation order appealed herein, and remand for entry of a written order specifying the violated condition, in conformance with the trial court’s oral pronouncement. Murphy, 612 So.2d at 677.
Reversed and remanded with directions.
ERVIN and WEBSTER, JJ., concur.