SHIVERS, Senior Judge.
Larry Blair has appealed from an order of the trial court revoking his probation. We reverse, and remand for entry of an order specifying the conditions of probation found by the court to have been violated.
Blair pled guilty to attempted capital sexual battery, and was sentenced to five years incarceration followed by ten years probation, conditioned in part on receipt of psycho-sexual counseling. An affidavit of violation of probation was thereafter filed, alleging that Blair had been terminated from his counseling program for being non-cooperative. Blair admitted the violation, and the trial court reimposed probation with all previous conditions. Less than a year later, the instant affidavit of violation of probation was filed, alleging Blair’s termination from counseling for missing three consecutive sessions, and failing to make a good faith effort to attend.
At the subsequent hearing, Blair’s therapist testified to his absence from three consecutive counseling sessions, ostensibly because of car trouble. The therapist noted that Blair made no effort to arrange alternate transportation, or to attend any of four other weekly sessions available to him, and of which he had been made aware. Blair confirmed his absences, but stated that no family member could take him to counseling, nor could he afford bus fare. He conceded that he had made no one aware of his financial difficulties, nor had he attempted to arrange transportation with other members of his counseling group. The court found that Blair had violated his probation by making no good faith effort to attend counseling, revoked his probation, and imposed a guidelines sentence of nine years incarceration. The written revocation order did not set forth the violation found by the court.
Blair’s counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that he can make no good faith argument for reversal, but pointing out the failure of the written revocation order to specify the violation. The state has moved to dismiss the appeal, citing section 924.06(3), Florida Statutes (1989) (a defendant who pleads guilty shall have no right to a direct appeal), and pointing out that Blair raises no issue which survives such a plea, as set forth in Kearney v. State, 579 So.2d 410 (Fla. 1st DCA 1991).
First of all, we deny the motion to dismiss as inapposite. Blair did not plead guilty to the alleged violation of probation, but rather was found to have violated probation after an evidentiary hearing. On the merits of the appeal, an order of revocation must state the conditions which were violated. Murphy v. State, 612 So.2d 676, 677 (Fla. 1st DCA 1993). We therefore reverse the revocation order appealed herein, and remand for entry of a written order specifying the violated condition, in conformance with the trial court’s oral pronouncement. Murphy, 612 So.2d at 677.
Reversed and remanded with directions.
ERVIN and WEBSTER, JJ., concur.