373 So.2d 898 (1979)
Tommy Lee ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 53066.
Supreme Court of Florida.
July 26, 1979.
*900 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
OVERTON, Justice.
This is an appeal from an order of the District Court of Appeal, Fourth District, dismissing defendant's appeal from a guilty plea as frivolous and contrary to the provisions of section 924.06(3), Florida Statutes (1977). The statute expressly precludes any direct appeal from a guilty plea, limiting the defendant's recourse to collateral attack upon his conviction. In response to appellee prosecutor's motion to dismiss, appellant Robinson challenged the constitutionality of the statute both facially and as applied. We have jurisdiction.[1]
We find the statute constitutional as applied to this case. For the reasons expressed, we hold that its prohibitions against an appeal from a guilty plea are directed to pretrial rulings and not to matters which may occur contemporaneously with a plea of guilty or a plea of nolo contendere. The act does no more than codify the existing case law on this subject.
The relevant facts are as follows. Appellant, Tommy Lee Robinson, was charged by an information with aggravated battery, a second-degree felony punishable by a maximum sentence of fifteen years imprisonment. He was represented by the public defender who entered into plea negotiations with the state on appellant's behalf. Pursuant to these plea negotiations, the appellant withdrew his plea of not guilty and pleaded guilty to the less serious offense of aggravated assault, a third-degree felony punishable by a maximum of five years imprisonment. The trial judge properly and adequately made inquiry of the appellant, Robinson, to ensure that the plea was both intelligently and voluntarily made, including a recitation of evidence establishing a factual basis for the plea; that he was guilty of the act; that he understood the penalty for the offense to which he was pleading guilty; and that he was fully satisfied with the representation given him by his counsel. Upon conclusion, the trial court accepted the plea but delayed sentencing pending receipt of a presentence investigation report requested by defense counsel. After the report was filed, the trial court sentenced appellant to five years imprisonment. During the course of the proceedings, the trial court advised the appellant concerning his appeal rights in accordance with Florida Rule of Criminal Procedure 3.670 as follows:

*901 THE COURT: Mr. Robinson, you now being before the Court attended by your attorney, Mr. Gundling, having entered a plea of guilty to aggravated assault, a lesser included offense, therefore I adjudge you to be guilty of the offense of aggravated assault to which you have pleaded guilty.
The Court advises you that you have the right to appeal from the final Judgment of Conviction when probation has not been granted; that you have the right to appeal an Order Granting Probation; that you have the right to appeal an Order Revoking Probation; in case of such an appeal only the proceedings after the Order of Probation may be considered or reviewed; and you have the right to appeal a sentence on the ground that it is excessive or illegal.
The Court further advises you that any appeal by you from the judgment or sentence shall be taken within thirty days after the sentence is entered, provided that you may take an appeal from the judgment within thirty days after the judgment is entered. If you wish to appeal and are indigent, upon request, the Court must appoint an attorney to represent you.
The appellant, by the defense counsel who had negotiated the plea, filed a notice of appeal three days after being sentenced. Assignments of error and the designation of the entire record were made by the appellant. The appellee, state, filed its motion to dismiss on the grounds that the appeal was both frivolous and in violation of section 924.06(3), Florida Statutes (1977), which provides:
A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack.[2]
The entire record was before the district court of appeal, and no contention was or is made that the plea was not intelligently and voluntarily made nor is there a claim that the court is without jurisdiction or that the sentence is illegal. The issue presented to this Court by the appellant concerns the validity of the subject statute as it affects appellant's right to an appeal of his guilty plea. Appellant contends that section 924.06(3) is unconstitutional on two grounds. First, he asserts that indigents are denied equal protection of the law because the statute makes collateral attack of the guilty plea the initial means of review and thereby allegedly infringes on the right to a direct appeal with the assistance of counsel. Second, appellant claims that because section 924.06(3) makes procedural changes in the criminal law, it violates the exclusive rule-making function of this Court as provided in article V, section 2(a), Florida Constitution. Neither of these contentions has merit.
The real issue is the right of appeal which exists from a guilty plea. There appears to be a misunderstanding by the appellant of the effect of a guilty plea and the extent he *902 can appeal therefrom. To put the issue in proper perspective, it is necessary to understand the nature and legal effect of a plea of guilty. The law is clear that a plea of guilty is an in-court confession and an agreement for the court to enter a judgment of conviction. In Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), the United States Supreme Court said: "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." See Williams v. State, 316 So.2d 267 (Fla. 1975).
Once a defendant enters a plea of guilty, the only points available for an appeal concern actions which took place contemporaneously with the plea. A plea of guilty cuts off any right to an appeal from court rulings that preceded the plea in the criminal process including independent claims relating to deprivations of constitutional rights that occur prior to the entry of the guilty plea. In Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), the United States Supreme Court said: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Appellant recognized and conceded this point in his brief to the district court of appeal when he stated:
Appellant is not contending that this Court should review prior rulings by the trial court [such as the denial of a Motion to Suppress, etc.] where there is no reservation of that point for appeal. Rather, pursuant to the reservation of the "right to appeal" such as in the instant case, review is limited to the circumstances surrounding the entry of the plea itself.
See generally Note, Post-Conviction Challenges to Guilty Plea Convictions: A Standard for Determining When an Evidentiary Hearing is Required, 16 Am.Crim.L.Rev. 163 (1978).
It is our opinion that the statute and our present rules reflect a codification of the existing case law which holds that a valid guilty plea conclusively disposes of all prior issues presented in the cause. The statutory language, "A defendant who pleads guilty ... shall have no right to a direct appeal," forecloses appeal from matters which took place before defendant agreed to a judgment of conviction. Neither the statute nor our present rules cut off a right of appeal from conduct that would invalidate the plea itself.
There is an exclusive and limited class of issues which occur contemporaneously with the entry of the plea that may be the proper subject of an appeal. To our knowledge, they would include only the following: (1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea.
The appellant contends that he has a right to a general review of the plea by an appellate court to be certain that he was made aware of all the consequences of his plea and apprised of all the attendant constitutional rights waived. In effect, he is asserting a right of review without a specific assertion of wrongdoing. We reject this theory of an automatic review from a guilty plea. The only type of appeal that requires this type of review is a death penalty case. See § 921.141(4), Fla. Stat. (1977). Furthermore, we find that an appeal from a guilty plea should never be a substitute for a motion to withdraw a plea. If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. If the action of the trial court on such motion were adverse to the defendant, it would be subject to review on direct appeal. The standards for the withdrawal of a guilty plea both before and after sentence were discussed in detail in Williams v. State, 316 So.2d 267 (Fla. 1975). After sentence is imposed, the burden is on *903 the defendant to prove that a manifest injustice has occurred. Williams v. State; ABA Standards Relating to the Administration of Criminal Justice, Pleas of Guilty, 14-2.1 (1979). To adopt the view asserted by the appellant in this case would in effect eliminate both the necessity for a defendant to move for a withdrawal of his plea and the obligation to show a manifest injustice or prejudice as grounds for such a plea withdrawal after sentence.
There is clearly no authority to seek an appellate review upon unknown or unidentified grounds, and it is improper to appeal on grounds known to be nonappealable. One of the appellant's assignments of error contends that the trial court erred in denying appellant's motion to withdraw his plea of guilty. The appellant designated the entire record in this case and it reflects no such motion or ruling thereon by the trial court. Other grounds advanced for review concern court rulings preceding the plea which appellant concedes are not subject to appeal. The remaining grounds asserted are totally without merit. The appeal is clearly not from any identified error which occurred contemporaneously with the plea, and the district court was justified in granting the motion to dismiss.
Attorneys have a responsibility to ensure that our system of justice functions properly. If counsel believes that the plea proceedings are defective or improper, he is ethically bound to immediately advise the trial judge of that fact. It is ethically wrong to ignore or cause technical or procedural errors to ensure an opportunity for reversal on appeal. We reiterate our holding in Hall v. State, 316 So.2d 279 (Fla. 1975), that both the prosecutor and the defense counsel are ethically bound to see that proper procedural steps are followed when a guilty plea is entered by a defendant. Our examination of the entire record in this case reflects that there was no error in the presentation and acceptance of appellant's negotiated plea of guilty.
We recognize that the failure of a defendant to raise the issue of the validity of the plea by an appeal does not prohibit him from subsequently seeking collateral relief if the issues have not been previously addressed and ruled upon.
We further note that both parties to this appeal have erroneously read the statute to mean that one who pleads guilty may expressly reserve a point for appeal. We construe the modifying language in the statute, "with no express reservation of the right to appeal," to apply exclusively to nolo contendere pleas. The lack of a comma after the words "pleads guilty" does not, in our view, mandate the applicability of the express reservation provision to guilty pleas. This construction makes the statute consistent with Florida Rule of Criminal Procedure 3.172(c)(iv) and Florida Rule of Appellate Procedure 9.140(b), and, therefore, there is no need to determine whether the statute is procedural or substantive.
We conclude that a defendant's right to appeal from a guilty plea is limited to a class of issues which occur contemporaneously with the entry of the plea. Our view of the entire record in this case conclusively reflects that there are no grounds for appeal and the appellant received exactly what he bargained for in his negotiated plea. We find the district court justified in summarily dismissing the appeal as frivolous on the record before it. Section 924.06(3), Florida Statutes, as we construe it, is constitutional.
The order of the district court is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] Two court rules concerning the right of appeal from a guilty plea or a plea of nolo contendere were adopted after the appellant's conviction. Florida Rule of Criminal Procedure 3.172(c)(iv), effective July 1, 1977, provides:

That if he pleads guilty, or nolo contendere without express reservation of right to appeal, he gives up his right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack.
Florida Rule of Appellate Procedure 9.140(b)(1), effective March 1, 1978, provides:
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal:
(A) a final judgment adjudicating guilt;
(B) an order granting probation, whether or not guilt has been adjudicated;
(C) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) an illegal sentence; and
(E) a sentence when required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.