373 So.2d 898 (1979)
Clarence GISSENDANNER, Appellant,
v.
STATE of Florida, Appellee.
No. 52736.
Supreme Court of Florida.
July 26, 1979.
Jack O. Johnson, Public Defender, and David S. Bergdoll, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
ENGLAND, Chief Judge.
Appellant Gissendanner was charged and convicted of introduction or possession of a narcotic, hypnotic, or excitative drug  marijuana  into or upon the grounds of a county detention facility in violation of section 951.22(1), Florida Statutes (1975). In a motion to dismiss the information against him, Gissendanner asserted that section 951.22(1) is invalid in that the terms "narcotic," "hypnotic," and "excitative" are unconstitutionally vague. The trial court denied Gissendanner's motion thus inherently passing on the constitutionality of the statute.[1] Gissendanner subsequently pled no contest, specifically reserving the right to appeal the denial of his motion to dismiss. Judgment and sentence were entered. The denial of Gissendanner's motion to dismiss is now before us for review.
Gissendanner's principal contention is that marijuana does not fall within the categories of drugs described in section 951.22(1) and, therefore, application of the statute to marijuana is unconstitutional. We are precluded from entertaining this argument, however. Whether marijuana is a narcotic, hypnotic, or excitative drug is a factual issue which, by his plea of no contest, Gissendanner relieved the state of the burden to prove.[2] Questions of fact may not be reserved upon a plea of no contest.[3]
The constitutionality of section 951.22(1) is a legal issue, and may properly be reserved. We find, however, that the terms "narcotic," "hypnotic," and "excitative" are sufficiently definite to satisfy constitutional standards.[4] Accordingly, the judgment entered below is affirmed.
It is so ordered.
BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
[2] Hand v. State, 334 So.2d 601 (Fla. 1976). See also, Vinson v. State, 345 So.2d 711 (Fla. 1977).
[3] State v. Ashby, 245 So.2d 225 (Fla. 1971).
[4] As demonstrated by appellant's brief, these terms may be readily understood by reference to a dictionary.