PER CURIAM.
Appellant pled nolo contendere to seven counts of distribution of obscene material and was sentenced to concurrent terms of five years in prison on each count. He appealed on the ground that the trial judge failed to view the films in question and, consequently, did not make a factual determination that the films were obscene under Section 847.07(4)(c), Florida Statutes (1977).
Appellant failed to preserve this point for appeal. During the proceedings in which the trial judge accepted his plea, the court asked first the state attorney and then appellant’s trial attorney questions which were crucial to this appeal:
THE COURT: All right. Would the State be able to prove that the materials alleged in each of the counts of the Information in this case satisfy the test of obscenity under 847.047-C? [sic]
MR. ANDERSON: Yes, Your Honor, the State would be prepared to show that these materials violate the standards *1174 set forth by the United States Supreme Court and adopted by the Florida Appellate Courts — and that each of the seven films charged in the Information are obscene as a matter of Florida and United States Federal Law.
THE COURT: All right. Are there any exceptions or objections?
MR. PARKER: No legal exceptions.
THE COURT: All right. The Court finds that there’s a factual basis for the entry of the plea in this case.
Appellant, given the specific opportunity to raise the question of the method by which the corpus delicti in this case was established, acquiesced in the procedures followed. Appellant may not now challenge what he ignored below. See Robinson v. State, 373 So.2d 898 (Fla.1979).
AFFIRMED.
MILLS, C. J., and McCORD and SHIVERS, JJ., concur.