ON MOTION TO DISMISS APPEAL
ORFINGER, Judge.
The State moves to dismiss this appeal because the notice of appeal is late. The appellant responds by pointing to State action as contributing to the late filing, and requests that we treat the notice of appeal which was filed by the appellant pro se in letter form as a petition for belated review.
We agree that we should treat the notice of appeal as a petition for writ of habeas corpus for belated appellate review under the authority of Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), and Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967), and so the motion to dismiss for late filing is denied.
Nevertheless, we must dismiss the appeal because nothing has been preserved for appellate review. Appellant entered a plea of nolo contendere to charges of possession and sale of cocaine, without reserving any issue for appeal. In this posture, only issues which occur contemporaneously with the entry of the plea may be the proper subject of an appeal. Robinson v. State, 373 So.2d 898 (Fla.1979).[1] No such issue appears here.
Although appellant’s brief raises the point on appeal of alleged error in denying appellant the right to withdraw his plea, no such motion was made in the trial court nor can we consider appellant’s notice of appeal as including such request. This issue must first be raised in the trial court. Lawrence v. State, 385 So.2d 167 (Fla. 5th DCA 1980); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
The appeal is dismissed without prejudice to appellant seeking in the trial court whatever collateral relief may be appropriate.
Appeal DISMISSED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. These issues are: (1) subject matter jurisdiction, (2) illegality of the sentence, (3) failure of the government to abide by the plea agreement and (4) the voluntary and intelligent character of the plea. Robinson, at 902.