422 So.2d 957 (1982)
Donald PERRY and Walter Sellers, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 81-2136, 81-2518.
District Court of Appeal of Florida, Third District.
November 9, 1982.
Rehearing Denied December 15, 1982.
*958 Eimers & Patton, Miami, John P. Rotolo, Key West, for appellants.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and JORGENSON, JJ.
JORGENSON, Judge.
Donald Perry and Walter Sellers appeal the denial of their motion to suppress which resulted in their conviction and sentence for the possession of cannabis in excess of one hundred pounds in violation of Section 893.13, Florida Statutes (1979). We affirm.
The relevant facts revealed during the motion to suppress are as follows. Donald Perry rented a 1980 Ford LTD from a Key West dealer and listed Walter Sellers as an additional driver.[1] Perry and Sellers packed two hundred sixteen pounds of marijuana into thirteen opaque, air-tight commercial garbage bags and loaded them into the trunk of the car. Thereafter, they commenced their trip north on the Overseas Highway.
Coincident with Perry and Sellers' beginning their journey north, officers of the Monroe County Sheriff's Department learned of the escape of three felons from the Key West jail. In accordance with departmental procedures, a roadblock was established at Knight's Key (the southern approach to the Seven Mile Bridge). As Perry and Sellers approached the roadblock, they were directed by one of the deputies to pull off the road. The driver (Perry) made a turning movement towards the side of the road but then accelerated in a northerly direction. The car was closely pursued by Deputy Hockett, of the Monroe County Sheriff's Office. The deputy observed the defendant's car make a high-speed turn down a side street and, shortly thereafter, discovered the vehicle behind a gas station, with both doors open and the keys in the ignition. The deputy first searched the immediate area and found no one. Thereafter, he removed the ignition keys and unlocked the trunk, revealing the thirteen garbage bags. Deputy Hockett testified that, when he approached the vehicle, he was under the impression that one or more of the escaped felons could be in the trunk since there was insufficient time for someone to remove the keys from the ignition, unlock the trunk, and then replace the keys prior to his arrival.
It is on the foregoing facts that Perry and Sellers allege their Fourth Amendment interests were violated. They first contend that under Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), the action of the Monroe County Sheriff's Office in establishing the roadblock was unwarranted or, in the alternative, unlawful as applied to them because the officers were not stopping every car.[2] We reject those contentions as being devoid of merit. A court must balance the "intrusion on the individual's Fourth Amendment interests against [a particular law enforcement practice in] promotion of legitimate governmental interests." Delaware v. Prouse, supra, at 654, 99 S.Ct. at 1396. The state's interest in recapturing felony escapees is substantial. See, e.g., § 843.04, Fla. Stat. (1981). The trial court found, and we agree, that the actions of the Monroe County Sheriff's Office in establishing the roadblock were reasonable. Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979); State v. *959 Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). Given the unique geography of Monroe County and the fact that the Overseas Highway is the only means of egress from Key West, the establishment of a roadblock following a jailbreak seems to us to be a de minimus intrusion upon the rights of the travelling public. Delaware v. Prouse, supra; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Deputy Hockett's lawful order to the defendants to pull their vehicle to the side of the road was likewise reasonable. See Franklin v. State, supra, at 1153, and cases cited therein.
The defendants' actions thereafter, i.e., bolting the roadblock and the subsequent high-speed chase, coupled with the unusual condition of the vehicle upon Deputy Hockett's arrival, furnished abundant justification for the subsequent search for an escapee.[3]United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1974); Stevens, supra, at 1247.
The judgments and sentences are, accordingly, affirmed.
NOTES
[1] The State conceded the standing of defendant Perry but asserts that the defendant Sellers is without standing to litigate his Fourth Amendment claim. We hold that the trial court correctly granted standing to Sellers. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). See also, United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).
[2] Deputy Hockett was not present at the roadblock at all times. Thus, he could not testify with specificity what activity other officers were engaged in during the roadblock. Hockett's orders to pull the defendants' vehicle out of line came from a superior officer.
[3] In view of our result, we do not reach the abandonment issue raised by the defendants. Cf., Gissendanner v. State, 373 So.2d 898 (Fla. 1979) (abandonment, a question of fact, may not be reserved upon a plea of no contest). For a definitive treatment of the abandonment issue, see O'Shaughnessy v. State, 420 So.2d 377 (Fla. 3d DCA 1982).