# VARTY v STATE OF FLORIDA

Case No. 89-0035-AC A02 (County Court Case No. 88-29448-TC A04)

Fifteenth Judicial Circuit, Palm Beach County

October 19, 1989

## APPEARANCES OF COUNSEL

**Kayo E. Morgan, Esquire,** for appellant.

**David Bludworth,** State Attorney, for appellee.

Before CARLISLE, COHEN, MILLER, JJ.

## OPINION OF THE COURT

CARLISLE, J.

The State moved to dismiss this appeal on the ground that Varty pled nolle contendere and did not reserve the right to appeal. The appeal concerns the propriety of a speedy trial ruling.

In the absence of a reservation of the right to an appeal, a defendant

who pleads no contest may only appeal issues concerning subject matter jurisdiction, illegality of sentence, failure of the government to abide by the plea agreement, and the involuntary and intelligent character of the plea, *Robinson v State,* 373 So.2d 898 (Fla. 1979), *Johnson v State,* 388 So.2d 621 (5DCA 1980). But a trial court order denying a Motion to Dismiss on the ground of speedy trial goes to the issue of subject matter jurisdiction. Therefore, there was no need to reserve the right to appeal and the Motion to Dismiss should be denied.

Further, counsel for Varty has supplemented the record on appeal with a transcript of the plea colloquy which unequivocally reflects that the right to appeal the speedy trial issue was, in fact, reserved. So much so that the State withdrew the Motion to Dismiss Appeal at oral argument.

This transcript was not necessary to perfect the appeal but was required to rebut the State's contention that the right to appeal was not reserved. Counsel for the State on appeal was not the Assistant State Attorney who was present when the no contest plea was entered. Nevertheless, there is some requirement that the right to know what the left hand is doing in the State Attorney's Office. If there is not there ought to be.

Varty has been put to considerable effort and expense in responding to the Motion to Dismiss Appeal. The cost of the transcript of the plea colloquy is assessed against the State of Florida in the amount of *$175.00* and the Board of County Commissioners of Palm Beach County, Florida is directed to pay to Kayo Morgan, Esq., attorney for appellant the sum of *$175.00* for the transcript. Further the Court grants leave to appellant to seek attorney fees before the trial court. COHEN and MILLER, JJ., concur.