PER CURIAM.
Samuel D. Fagin pled guilty to first degree murder, attempted first degree murder, two counts of armed robbery, and armed burglary. Mr. Fagin appealed and his counsel filed an Anders brief. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In accordance with Anders, we granted Mr. Fagin an opportunity to file an initial brief in proper person, but no brief has been filed.
“Once a defendant enters a plea of guilty, the only points available for an appeal concern actions which took place contemporaneously with the plea.” Robinson v. State, 373 So.2d 898, 902 (Fla.1979).
There is an exclusive and limited class of issues which occur contemporaneously with the entry of the plea that may be the proper subject of an appeal. To our knowledge, they would include only the following: (1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea.
Id. In accordance with our obligation under Anders, we have reviewed the record and have not found any reversible error.
We note a scrivener’s error which we feel certain the trial court would have already corrected but for our having jurisdiction. The trial court should ensure that the error is corrected. While Mr. Fagin’s sentencing guidelines scoresheet properly lists armed burglary as a first degree felony punishable by life, the judgment incorrectly lists it as a life felony. § 810.02(2)(b), Fla.Stat. (1993).
Accordingly, the appeal is dismissed. Robinson, 373 So.2d at 903; Stewart v. State, 586 So.2d 449 (Fla. 1st DCA 1991); Kearney v. State, 579 So.2d 410 (Fla. 1st DCA 1991).
JOANOS, WOLF, and BENTON, JJ., concur.