673 So.2d 547 (1996)
Darrell NETTLES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1874.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
David M. Lamos, Fort Pierce, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
On this appeal from a judgment of conviction and sentence based on a plea of nolo contendere, appellant contends that the trial court erred in accepting his plea without record evidence of a factual basis for the plea. We dismiss this appeal as it is not within our jurisdiction to consider this issue on direct appeal from a plea of nolo contendere without the reservation of the right to appeal. § 924.06(3), Fla.Stat. (1993); Fla. R.App.P. 9.140(b)(1); Robinson v. State, 373 So.2d 898 (Fla.1979). There is no contention made that the sentence imposed is illegal or beyond the guidelines. § 924.06(1)(d), (e), Fla.Stat. (1993).
As in Robinson, an appeal from a plea of guilty or nolo contendere should not be a substitute for a motion to withdraw a plea, which was not made in this case. Robinson states:
After sentence is imposed, the burden is on the defendant to prove that a manifest injustice has occurred. Williams v. State [316 So.2d 267 (Fla.1975)]; ABA Standards Relating to the Administration of Criminal Justice, Pleas of Guilty, 14-2.1 (1979). To adopt the view asserted by the appellant in this case [that he has a right to a general review of the plea by an appellate court to be certain that he was made aware of all the consequences of his plea and apprised of all the attendant constitutional rights waived] would in effect eliminate both the necessity for a defendant to move for a withdrawal of his plea *548 and the obligation to show a manifest injustice or prejudice as grounds for such a plea withdrawal after sentence.
373 So.2d at 902-03.
We therefore dismiss this appeal without prejudice to the appellant to seek the withdrawal of his plea in the trial court.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.