PER CURIAM.
Appellant was convicted and sentenced upon open guilty pleas in three separate cases. As to the first conviction, strong armed robbery in case number 95-17139, we affirm the judgment and sentence.
As to Appellant’s attack on the sentence in case number 95-17184, founded on Ashley v. State, 614 So.2d 486 (Fla.1993), we dismiss without prejudice to Appellant’s right to seek leave to withdraw his plea in the trial court, as it involves an involuntary plea rather than a sentencing error issue. The state acknowledged that as to this case, it did not file a written notice of intent to seek habitual offender sentencing. See Williams v. State, 691 So.2d 484, 485 (Fla. 4th DCA 1997) (en banc) (“even in matters involving alleged Ashley violations, a defendant is precluded from bringing a direct appeal when judgment was been entered on a plea of guilty or nolo contendere”). Should Appellant seek to withdraw his plea, he may be resentenced, within the court’s discretion, without a habitual offender finding, or the court shall allow him to withdraw the plea. Should he again plead guilty, he may be resenteneed as a *1331 habitual offender provided that the Ashley requirements are met.
Since we are dismissing case number 95-17184 without prejudice to Appellant’s right to withdraw his plea, it would be premature for us to address the double jeopardy question raised in that ease, and therefore, we do not reach that issue.
As to case number 95-18630, grand theft, the state has not disputed that the trial court did not inquire into the factual basis for the plea, arguing only that the issue is improperly presented to this court absent an attempt by Appellant to withdraw his plea. Therefore, as to this issue, we dismiss without prejudice to Appellant’s moving to withdraw his plea. Nettles v. State, 673 So.2d 547 (Fla. 4th DCA 1996).
As to any other issue raised, we affirm.
STONE, C.J., and GUNTHER and FARMER, JJ., concur.