PER CURIAM.
D.P.J. challenges the imposition of community control after he pleaded guilty to lewd assault. He argues that he should be allowed to withdraw his plea because the trial court failed to establish a factual basis for the plea. This issue has not been preserved and cannot be entertained on direct appeal because D.P.J. did not object at the plea hearing nor did he file a motion to withdraw his plea with the trial court.
*292 Accordingly, we dismiss this appeal without prejudice to allow D.P.J. to file a motion to withdraw his plea in the trial court. See J.S. v. State, 658 So.2d 638 (Fla. 2d DCA 1995).
PARKER, C.J., and CAMPBELL and QUINCE, JJ., concur.