STONE, C.J.
We affirm Higgins’ conviction and sentence, entered upon a guilty plea, on two counts of attempted first-degree murder with a firearm and one count of attempted robbery with a firearm.
*560 This court lacks jurisdiction to consider Higgins’ first claim of error as to the trial court’s alleged failure to conduct an adequate inquiry into his attempt to dismiss his court-appointed counsel several months prior to the change of plea. Florida Rule of Appellate Procedure 9.140(b)(2) provides in relevant part:
(2) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
[[Image here]]
(B) A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i) the lower tribunal’s lack of subject matter jurisdiction
(ii) a violation of the plea agreement, if preserved ...
(in) an involuntary plea, if preserved
[[Image here]]
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
Fla. R.App. P. 9.140(b)(2)(B). See also Robinson v. State, 373 So.2d 898, 902 (Fla. 1979). Higgins’ appeal to this point asserts none of the grounds permitted in the rules or in Robinson. Further, even if we were to consider this point, we note that at the time of his change of plea, Higgins indicated satisfaction with his attorney.
Higgins also claims that his upward departure sentence was erroneously imposed because the trial court failed to sign and file written reasons for upward departure as required by Florida Rule of Criminal Procedure 3.702(d)(18)(A) and because the departure was not supported by the record. Higgins’ failure to bring the sentencing error to the attention of the trial judge or file a motion pursuant to rule 3.800(b), Florida Rules of Criminal Procedure, precludes his raising these points on appeal.
As noted above, Florida Rule of Appellate Procedure 9.140(b)(2)(B)(iv) permits a defendant who pled guilty to appeal a sentencing error only if preserved. Rule 9.140(d) provides that
A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
Higgins took no such steps. He argues that his notice of judicial acts to be reviewed on appeal constitutes preservation of the issue; however, patently this was not a pleading filed at sentencing or pursuant to Florida Rule of Criminal Procedure 3.800(b) as required. Regardless, assuming that the notice of judicial acts could be treated as a rule 3.800(b) motion, the trial court would be required to rule upon it, not this court. See Fla. R.App. P. 9.140(d).
In Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998), we recognized that where a sentence is entered on a plea of guilty, if there has been no motion to dismiss, this court will examine the record and briefs to determine whether a Robinson issue exists. If we find none of the grounds recognized in Robinson, 373 So.2d at 902, i.e., “(1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea,.” we will summarily affirm the appeal, pursuant to Florida Rule of Appellate Procedure 9.315. The issues involving the trial court’s deviation from the sentencing guidelines, alleged in this appeal, are not ■encompassed by the Robinson exceptions. Accordingly, the judgment and sentence are affirmed. Harriel; Fla. R.App. P. 9.315(a); see also Collins v.State, 24 Fla. L. Weekly D981, 732 So.2d 1149 (Fla. 1st DCA 1999). We note that fundamental error is not a factor here. Davis v. State, 661 So.2d 1193 (Fla.1995)(sentencing defect in failing to file written reasons for departure is neither an illegal sentence nor fundamental error).
*561 We have considered State v. Mancino, 714 So.2d 429 (Fla.1998), and Hopping v. State, 708 So.2d 263 (Fla.1998), in which the court recognized that Davis did not limit the challenge to the illegality of a sentence to those sentences that facially exceed the statutory maximum, and, further, that a sentence that patently fails to comport with statutory or constitutional limitations is an illegal sentence. However, those provisions in Mancino are inapplicable to the sentencing issues here, which involve deviation from guidelines procedure and sufficiency of record support for guidelines deviation. Nothing in Mancino indicates a departure from the substantive decision in Davis. Hopping, 708 So.2d at 264 (“our holding today does no violence to the rationale in Davis”). See also Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998)(written sentence that fails to conform to oral pronouncement is not an illegal sentence).
As to all other issues raised, we also affirm.
WARNER and GROSS, JJ„ concur.