853 So.2d 537 (2003)
Barry BINDER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-4027.
District Court of Appeal of Florida, Fifth District.
August 29, 2003.
James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant *538 Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Defendant below, Barry Binder ["Binder"], appeals his judgment and sentence, contending that the trial court erred by denying his motion to dismiss Count II of the information.
Binder was charged by a two-count information: Count I, failure of a sexual offender to report at driver's license office for renewal of license and after any change in residence and Count II, failure of sexual offender to make report of intent to change residence to Florida Department of Law Enforcement or Sheriff.[1] The information was subsequently amended by the State, changing the date of the offense from May 16, 2002 to between February 16, 2002 and July 19, 2002. Count II specifically charged:
Lawson Lamar, State Attorney of the Ninth Judicial Circuit prosecuting for the State of Florida in Osceola County... by and through the undersigned Designated Assistant State Attorney, under oath, charges that [Binder] ... in said County and State, did, in violation of Florida Statutes 943.0435(7) and 943.0435(9), fail to report in person at an office of the Sheriff of Orange County, the county of [Binder's] residence, or the Florida Department of Law Enforcement, within forty-eight (48) hours before the date he intended to establish residence in another state or jurisdiction...
On November 25, 2002, Binder filed a motion to dismiss Count II of the information on double jeopardy grounds. On the same day, Binder entered a plea of nolo contendere on both counts in exchange for a sentence of a maximum of 30 months' imprisonment. Defense counsel and the State stipulated that the motion to dismiss Count II of the information would be heard at the sentencing hearing, but meanwhile Binder would be adjudicated guilty and sentenced to 30 months on both counts with the understanding that, if the motion to dismiss Count II were granted by the court, the sentence would be modified to 16.5 months imprisonment for Count I.
After Binder's plea, the State set forth the factual basis for the charges. Binder had been convicted of a lewd act on a child in May 1998, making him eligible for the sexual offender reporting requirements. On July 19, 2002, two Kissimmee Police Department officers spoke with the manager of the Lambert Inn located at 410 West Vine Street in Kissimmee and determined that Binder had been staying at that hotel since February 16 or 17, 2002. At that time, Binder was registered at 1204 Royal Street in Kissimmee, as ascertained by another officer when she ran a license plate check on Binder's vehicle.[2] The State concluded that Binder was in violation of the law by failing to report his change in address as well as in failing to inform the Sheriff's Office of his intent to make that change. At the end of the State's presentation, the court found a sufficient factual basis to establish a prima facie case of guilt for the offenses charged and accepted the plea.
At the subsequent sentencing hearing, on December 6, 2002, Binder first attacked Count II on double jeopardy grounds, citing to State v. Anderson, 695 So.2d 309 (Fla.1997) and Gordon v. State, 780 So.2d *539 17 (Fla.2001). His position was that Count II should be dismissed as duplicative of Count I for impermissibly punishing different degrees of the same crime. Binder noted that under section 943.0435(4), the Department of Highway Safety and Motor Vehicles is charged with forwarding to the Department of Law Enforcement all photographs and information provided by the sexual offender. Binder argued that by complying with this statute in registering with the Department of Highway Safety and Motor Vehicles he is also registering with the Department of Law Enforcement since the information will be forwarded. Binder concluded he was being punished twice for the same offense of failing to register and that this was an instance of either double jeopardy on the grounds of the same degree of the offense or lesser offense.
The State responded that each crime contained an element that the other did not, i.e. one required registration with the Department of Law Enforcement and one required registration with the Department of Highway Safety and Motor Vehicles. Therefore, the State asserted Binder was not put in double jeopardy. The State also argued that the fact that the statute mandates the Department of Highway Safety and Motor Vehicles to release information to the Department of Law Enforcement does not affect the conduct required of Binder.
The trial court denied Binder's motion to dismiss Count II on double jeopardy grounds. We agree with the trial court that the two charged offenses are separate and no double jeopardy violation occurred when Binder was convicted of both.
On appeal, Binder argues in the alternative that even if charging the two offenses did not violate double jeopardy, Count II should still be dismissed on the grounds that it charged a "non-existent" offense (failure to state or report an intent to leave the jurisdiction). Indeed, there is no suggestion in the record of any intent to move out of the state or the Ninth Circuit or even leave Osceola County; therefore he could not violate subsection (7) which requires sexual offenders to report an intent to establish residence in another state or jurisdiction within 48 hours prior to relocation. The State "concedes that the record demonstrates that [Binder] did not leave the state or jurisdiction as he was previously living in Kissimmee and moved to another address within Kissimmee." However, the State urges that Binder's argument has to be that there was no factual basis for the plea, and this issue was not preserved due to his failure to object at the plea hearing as well as his failure to file a motion to withdraw his plea.
It does appear that the State charged Binder with the wrong offense. Based on the facts in the charging affidavit, it appears that Binder may have violated subsection (2) rather than subsection (7), but we cannot tell from this record why this discrepancy appears to have received no notice. Perhaps it did not matter to Binder, for reasons not apparent on this record. In any event, since Binder did not object, reserve the right to appeal or move to withdraw his plea, he may not attack this conviction here. See Brawley v. State, 815 So.2d 789 (Fla. 4th DCA 2002); D.P.J. v. State, 779 So.2d 291 (Fla. 2d DCA 1998); Nettles v. State, 673 So.2d 547 (Fla. 4th DCA 1996); Fla. R.App. P. 9.140(b)(2); § 924.051(4), Fla. Stat. (2002).
AFFIRMED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] Sections 943.0435(7) and 943.0435(9), Fla. Stat. (2002).
[2] The State asserted that the charge was based on the fact that Binder had been living at one address in Kissimmee while he was registered at another address in Kissimmee.