942 So.2d 449 (2006)
Andre Tajmayne WALSH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4654.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
Orville McKenzie of McKenzie & Associates, PLLC, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant, Andre Walsh, attempts to appeal the denial of his motion to dismiss after a plea bargain. Defense counsel initially stated he wanted to reserve the right to appeal the denial of his motion to dismiss the case. The trial court stated it would allow that only if the defendant pled open. The defendant then asked for a continuance, which was granted. Subsequently, the case came back before the trial court and a plea bargain was announced *450 whereby the defendant would receive no more than 90 days incarceration. Defense counsel did not revisit the prior attempt to reserve the right to appeal. The defendant was sentenced to six months probation.
Florida Statutes section 924.051(4) states:
If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
Where, as here, the ruling was indisputably dispositive, neither the trial court nor the State can prevent the defendant from pleading open and expressly reserving the right to appeal the ruling. The trial court in this case recognized as much. However, where the plea is bargained for, the right to appeal a dispositive ruling is an element of the bargain and either the trial court or the State can refuse a bargain which would reserve that right. The trial judge in this case made clear that he would not accept a plea bargain which contained a reservation of the right to appeal his denial of the motion to dismiss. After the continuance, the defendant and the State came back with a plea bargain which made no further attempt to reserve the right to appeal. The trial court accepted the bargain, sentencing the defendant to less than 90 days in jail. No dispositive issue having been reserved for appeal, we affirm. See Robinson v. State, 373 So.2d 898 (Fla.1979).
Affirmed.
STEVENSON, C.J., WARNER and TAYLOR, JJ., concur.