NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSE FIGUEROA,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )   Case No. 2D13-1357
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____          )

Opinion filed January 21, 2015.


Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Howard L. Dimmig, II, Public Defender,
and Richard P. Albertine, Jr., Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.


        The State charged Jose Figueroa with failing to register as a sexual

offender pursuant to section 943.0435(4)(a), Florida Statutes (2010), and a jury

convicted him of that crime.  He contends that the evidence did not support his

conviction because that subsection applies only to an offender who changes his residence within the State of Florida, not to an offender who moves to another jurisdiction. We conclude that the trial court should have granted Figueroa's motion for judgment of acquittal on this point, and therefore we reverse and remand with directions to discharge him.

Figueroa testified that in May 2010, he registered as a sexual offender with the Hillsborough County Sherriff's office, listing an address within the county. But later that month he moved to Puerto Rico, where he was born and where his family lived. He returned to Florida only when, in April 2012, U.S. Marshals arrested him in Puerto Rico and brought him back to Florida to face the instant failing to register charge. Figueroa recounted that he had tried to register at a police station in Puerto Rico, but he was told that it was unnecessary to do so if he had not committed a crime in that jurisdiction.

Figueroa was charged with violating section 943.0435(4)(a), which states in pertinent part:

> (4)(a) Each time a sexual offender's driver's license or identification card is subject to renewal, and, without regard to the status of the offender's driver's license or identification card, within 48 hours after any change in the offender's permanent, temporary, or transient residence or change in the offender's name by reason of marriage or other legal process, the offender shall report in person to a driver's license office, and is subject to the requirements specified in subsection (3).

But section 943.0435 also provides, in subsection (7), that:

> (7) A sexual offender who intends to establish a permanent, temporary, or transient residence *in another state or*

-2-

> *jurisdiction other than the State of Florida* shall report in
> person to the sheriff of the county of current residence within
> 48 hours before the date he or she intends to leave this state
> to establish residence in another state or jurisdiction. The
> notification must include the address, municipality, county,
> and state of intended residence. The sheriff shall promptly
> provide to the department the information received from the
> sexual offender. The department shall notify the statewide
> law enforcement agency, or a comparable agency, in the
> intended state or jurisdiction of residence of the sexual
> offender's intended residence. The failure of a sexual
> offender to provide his or her intended place of residence is
> punishable as provided in subsection (9).

(Emphasis added).

At the close of all evidence, Figueroa moved for a judgment of acquittal on the ground that the State had charged him under the wrong subsection. The only evidence in the case regarding Figueroa's residency was his own testimony that he moved from his registered address in Hillsborough County to Puerto Rico. The State offered no evidence of an interim move within Florida that would have triggered the section 943.0435(4)(a) requirement that a sexual offender "report in person to a driver's license office" about his change in residence. And as the defense aptly noted, it would be impossible for someone living in Puerto Rico to "appear in person" at a Florida driver's license office. Nor would a Puerto Rico resident be eligible to obtain a Florida driver's license or identity card. See § 943.0435(4)(a) (subjecting the offender to requirements of subsection (3) of the statute); § 943.0435(3)(a) (requiring the offender to secure or renew a Florida driver's license or to obtain a Florida identification card).

We recognize that section 943.0435(4)(a) does not specifically state that it pertains only to an offender's change of residence within this state. But that is the clear

assumption behind the subsection's directive to report in person at a Florida driver's license office within 48 hours after the move. In contrast, section 943.0435(7) does specify that it applies to an offender who "intends to leave this state to establish residence in another state or jurisdiction."[1] Applying the doctrine of *in pari materia*, we read statutes relating to the same subject matter together in order to harmonize the provisions and to effect the legislature's intent. See Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008). Section 943.0435(7) specifically sets forth the obligations imposed on an offender who establishes residency outside Florida; by clear implication, section 943.0435(4)(a) does not. Reading the statutes together, as we must, we conclude that subsection (4)(a) applies only to a move inside Florida, while subsection (7) concerns a move outside the state.

The Florida Supreme Court's adoption of Standard Jury Instructions 11.14(d) and 11.14(e) supports our analysis of these statutory subsections. See In re Standard Jury Instructions in Criminal Cases—Report No. 2007-4, 983 So. 2d 531, 536-38 (Fla. 2008). When the crime of failure to register as a sexual offender is charged under section 943.0435(7), the jury must find that the accused "[established] [maintained] a permanent, temporary, or transient residence in (name of county) County, Florida," and that he "**intended to leave this State to establish residence in another state or jurisdiction on** (date)." Fla. Std. Jury Instr. (Crim.) 11.14(e).

---

[1]The legislature amended section 943.0435(7) in 2014 to explicitly state that it applies to an offender who intends to establish a residence outside the United States. Ch. 14-5, § 5, at 102, Laws of Fla.

Standard instruction 11.14(d), which is given when the crime is charged under section 943.0435(4), contains no such proviso.

The Fifth District examined this question in <u>Binder v. State</u>, 853 So. 2d 537, 539 (Fla. 5th DCA 2003), albeit in the reverse scenario. Although Binder was charged with violating section 943.0435(7), the evidence established that he had not moved outside Florida but rather had changed residences within the City of Kissimmee. It appeared to the Fifth District that Binder had been charged under the wrong statutory subsection. But Binder had never raised the issue in the trial court. He had pleaded nolo contendere to the offense without objecting to the mistaken charge or reserving his right to appeal, and he had not moved to withdraw his plea. For this reason, the court determined that he could not attack the conviction on appeal. Here, however, the issue is squarely before us because Figueroa moved for a judgment of acquittal on the ground that the evidence could not support a conviction under the subsection he was charged with violating.

Section 943.0435(4)(a) did not apply to the facts of this case, and the evidence presented at trial did not prove a violation of that statutory crime. We reverse Figueroa's conviction and remand with directions to discharge him.

SILBERMAN and CRENSHAW, JJ., Concur.

-5-