ON MOTION TO DISMISS
PER CURIAM.
State moves to dismiss this appeal from orders of the circuit court withholding adjudication of guilt and placing appellant on probation for two counts of filing unauthorized claims, section 409.325(4)(a), Florida Statutes (1983); one count of receipt of unauthorized payment, section 409.-325(4)(a), Florida Statutes (1983); and one count of grand theft, section 812.014, Florida Statutes (1983). The above-cited orders were entered pursuant to appellant’s pleas of nolo contendere. The State moves to *491 dismiss on grounds that appellant did not expressly reserve the right to a direct appeal as required by Florida Rule of Appellate Procedure 9.140(b)(1). That rule provides, in relevant part:
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.
State also contends that the constitutional claim sought to be asserted by appellee is not properly before this court since it was not raised in the lower tribunal.
Appellant responds and contends that it was not necessary to reserve the right to appeal because the issues raised are dispos-itive and may be raised for the first time on appeal. Appellee argues that section 409.-325(4)(a), Florida Statutes (1983), is unconstitutional because it fails to require the element of specific intent. Appellee cites to Trushin v. State, 425 So.2d 1126 (Fla. 1982), for the proposition that the facial validity of a statute may be raised for the first time on appeal. Bootstrapping from this argument, the second issue raised by appellant is that the charging information is insufficient because it failed to allege specific intent as an element of section 409.325(4)(a), Florida Statutes (1983).
The Florida Supreme Court has set out four issues which may be raised on direct appeal from a plea of nolo contendere in the absence of an express reservation of the right to appeal a point of law, including: “(1) subject matter jurisdiction, (2) illegality of sentence, (3) failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent nature of the plea.” Robinson v. State, 373 So.2d 898, 902 (Fla.1979). Each of these issues arises from events which occur contemporaneously with the entry of the plea. The limited number of appealable issues is designed to foreclose appeals from matters which occur prior to the entry of the plea. Robinson v. State, supra.
Although appellant asserts the second issue raised in this appeal would go to the subject matter jurisdiction of the trial court and thus may properly be raised by direct appeal without reservation, we find the better procedure is to require appellant to move for withdrawal of the nolo plea in the trial court. Such a procedure has been followed in situations where appellant seeks to raise issues regarding the voluntariness of the plea on direct appeal. See Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981) and In the Interest of S.C. v. State, 388 So.2d 643 (Fla. 5th DCA 1980). Florida Rule of Appellate Procedure 9.140(b)(1), is designed to limit direct appeals from pleas of nolo contendere. Where, as here, appellant failed to reserve the right to appeal the constitutional issue sought to be raised he must move the trial court to allow him to withdraw the plea. While the lack of subject matter jurisdiction may be the subject of a direct appeal from a plea of nolo contendere, Geri v. State, 415 So.2d 782 (Fla. 1st DCA 1982), when such claim is derivative of the constitutional issue for which there was no reservation of the right to appeal, we find that appellant should be required to withdraw the nolo plea prior to maintaining a direct appeal.
Accordingly, the motion to dismiss is granted without prejudice to allow appellant to move the trial court for withdrawal of his plea of nolo contendere.
IT IS SO ORDERED.
SMITH, SHIVERS and BARFIELD, JJ., concur.