ORDER ON MOTIONS TO DISMISS
PER CURIAM.
Appellees move to dismiss this appeal arguing that the notice of appeal was untimely. The order sought to be reviewed was rendered August 25, 1989, and the notice of appeal was filed in the lower tribunal on January 18, 1990. This filing date would be untimely. Appellant responds to the motions to dismiss and cites to Williams v. State, 324 So.2d 74 (Fla.1975), which holds that a notice of appeal timely filed without simultaneous payment of the filing fee acts to vest jurisdiction in the appellate court. We have reviewed the original notice of appeal and it shows two date stamps: September 25, 1989 and January 18,1990. The September 25,1989, date has been crossed out. If the notice of appeal was filed on September 25, it would be timely, as the 30th day for filing the notice fell on a Sunday, and the next working day was September 25.
Appellant neither attaches correspondence nor an affidavit to establish that he tendered his notice of appeal in a timely manner and it was wrongly rejected by the clerk of the circuit court. Accordingly, we relinquish jurisdiction to the trial court for 30 days to conduct an evidentiary hearing to determine whether or not appellant tendered the notice of appeal in a timely manner. The trial court shall issue an order which contains findings of fact and conclusions of law and shall file a copy of the order with this court. The adversely affected party will be allowed to file a response in this court within ten days after filing of the circuit court’s order. Upon review of the order of the circuit court and the response, this court will dispose of the pending motions to dismiss.
We write only to observe that this fact situation has become a recurring problem. Some clerks of the circuit courts are rejecting notices of appeal filed without a filing fee. Some clerks are accepting the notices when filed, but upon discovery of the failure to pay the fee, the clerk returns the notice to the appellant with directions to refile the notice with the appropriate fee. These practices are contrary to the rule announced in Williams. A notice of appeal timely filed without simultaneous payment of the filing fee acts to vest jurisdiction in the appellate court. The timely filing of the notice of appeal is jurisdictional, the timely deposit of the required fee is not. The clerks of the circuit courts are directed to accept and file a notice of appeal, with or without the filing fee or verified affidavit of indigency, when it is tendered. The notice is not to be returned to the appellant *519 by the clerk if it is later discovered the fee has not been paid. The sanction for the refusal or inexcusable negligence of an appellant who fails to pay the required filing fee or obtain a certification of indigency lies within the discretion of the appellate court. Williams, 324 So.2d at 77.
Accordingly, jurisdiction is relinquished to the trial court to conduct proceedings in accordance with this opinion.
ERVIN, ZEHMER and ALLEN, JJ„ concur.