565 So.2d 354 (1990)
Carl E. HUGHES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1904.
District Court of Appeal of Florida, First District.
July 10, 1990.
*355 Carl E. Hughes, pro se.
No appearance for appellee.

ORDER OF DISMISSAL
PER CURIAM.
Carl E. Hughes timely appealed his conviction and sentence. The appeal languished in this court's files for some time without activity and appellant was directed to show cause why the appeal should not be dismissed for his failure to ensure preparation of a record and to timely serve a brief. In response, appellant asserted that he was in need of inmate law clerk assistance to prosecute the appeal and asked for additional time. It then came to this court's attention that Hughes had pled guilty in the trial court and he was directed to show cause why his appeal should not be dismissed for failure to present a justiciable issue. Receiving no response to that order, we hereby dismiss the appeal.
We take this opportunity to publish this opinion and address our concerns created by the recent increase in proceedings of this nature. It appears that many criminal defendants who pled guilty or nolo contendere to charges pending against them, despite their having been advised that such pleas constitute waiver of the right to appeal, see Fla.R.Crim.P. 3.172(c)(iv), are nevertheless filing pro se notices of appeal. Often these notices do not timely reach the clerk of the lower tribunal and the appeals are dismissed because of this jurisdictional defect, see Benz v. State, 346 So.2d 1081 (Fla. 1st DCA 1977). Where, as here, the notice of appeal is timely, it is necessary to determine whether appellant can identify a justiciable issue in order to avoid dismissal.
In Robinson v. State, 373 So.2d 898 (Fla. 1979), our supreme court addressed these concerns in the context of a constitutional attack on section 924.06(3), which provides that a defendant who pleads guilty or nolo contendere without express reservation of the right is not entitled to a direct appeal. The court found that the statute could be constitutionally construed as supporting a waiver of the right to review issues which arose from trial court rulings made prior to the entry of the plea. It identified four issues which could nevertheless be raised by a defendant who pleads guilty because they occur contemporaneously with the entry of the plea: (1) subject matter jurisdiction of the trial court, (2) illegality of the sentence, (3) failure of the state to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea. Id. at 902. The court went on to say, however, that the voluntariness of the plea must be first presented to the trial court in a motion to withdraw, id., thus effectively removing that issue as one which can be raised on appeal from judgment and sentence. Massey v. State, 417 So.2d 1162 (Fla. 1st DCA 1982). Although Robinson dealt with an appeal from a judgment and sentence based on a plea of guilty, its holding has been applied to appeals where the defendant pled nolo contendere without reservation, Maralit v. State, 468 So.2d 490 (Fla. 1st DCA 1985); Skinner v. State 399 So.2d 1064 (Fla. 5th DCA 1981). Because of this rule of law many appeals from judgments and sentences entered upon pleas of guilty and nolo contendere without reservation do not present any justiciable issues and are subject to dismissal. See Robinson; Skinner. There are exceptions, of course, when appellant can articulate an issue or issues *356 identified in Robinson as appealable under these circumstances. See Daniels v. State, 476 So.2d 304 (Fla. 1st DCA 1985) (correction of written judgment); Wickett v. State, 467 So.2d 430 (Fla. 4th DCA 1985) (sentence exceeded maximum penalty for crime to which appellant pled guilty); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), review denied, 476 So.2d 675 (Fla. 1985) (sentencing guidelines departure).
Unfortunately, the parties, counsel, and the courts have not always been clear as to the proper procedures for handling appeals of this nature. For example, it has been suggested that the clerk of the lower tribunal need not process a notice of appeal filed by a defendant who pled guilty or nolo without reservation. We reject that suggestion and adhere to our position that it is the ministerial duty of a trial court clerk to accept and promptly file a notice of appeal when tendered. See Jones v. Peninsula Motor Club, Inc., 558 So.2d 517 (Fla. 1st DCA 1990); Wemett v. State, 536 So.2d 349 (Fla. 1st DCA 1988). It has also been proposed that this court should rely on the rule that a pro se pleading is a nullity where the pleader is represented by counsel, see Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980). Pursuant to Fla.R.App.P. 9.140(b)(3)(A)(i) and (b)(3)(B), defense counsel is not permitted to withdraw until after a notice of appeal has been filed or the time for filing same has expired. It would therefore follow that a timely pro se notice of appeal, if appellant was represented at trial by counsel, would not serve to invoke the jurisdiction of this court. We believe Smith and Sheppard, which involve a demand for speedy trial and a petition for writ of error coram nobis filed during the pendency of appellate proceedings, respectively, are distinguishable. Moreover, if appellant has cognizable issues for review and expresses his desire to obtain that review by filing a notice of appeal within 30 days of rendition of the judgment and sentence, we believe it would be a more economic use of judicial resources to address the appeal at that juncture rather than forcing the appellant to employ one or more collateral proceedings first to obtain the same result.
We are also aware that some trial courts have refused to certify appellants in these circumstances as indigent on grounds that the right to review has been waived. We believe this procedure to be incorrect. Certification should be granted when an appellant properly demonstrates he meets the statutory criteria as indigent, regardless of the trial court's perception of appellant's right to proceed or the merits of the appeal. See Daniels v. State, 441 So.2d 186 (Fla. 5th DCA 1983).
A different outcome results, however, when an appellant in this posture moves for appointment of appellate counsel. If the trial court finds that the right to appeal has been waived and the movant fails to demonstrate the existence of a viable Robinson issue, such a motion may properly be denied.
On the other hand, we note that appellate counsel are being appointed in some of these cases and they are uncertain as to how to proceed. For example, one public defender has employed a "statement of judicial acts to be reviewed" which brought to the appellate court's attention the lack of any viable issues, McGinty v. State, 463 So.2d 495 (Fla. 2d DCA 1985). Another response has been the filing of an Anders brief, Skinner, 399 So.2d at 1065. The Public Defender for the Fourth Judicial Circuit has moved to dismiss such appeals in this court. See, e.g., Sinclair v. State, case number 90-947, dismissed by unpublished order on May 21, 1990. We find, however, that a more appropriate course of action for appellate counsel who finds his client has waived his right to appeal is to move to withdraw on the theory that a defendant who has no right to appeal has no right to appellate counsel. Such a motion must, of course, be served on the client, see Fla.R.App.P. 9.440(b), who will then be permitted to respond in opposition to the motion to withdraw and in opposition to dismissal of the appeal.
Finally, we encourage the trial courts of this district to assist us in identifying appeals of this type. If the existence of the appeal comes to the attention of the trial court through a motion for appointment of counsel or other relief, copies *357 of the order on the motion should be served on the appellant, the defendant's trial counsel, if any, the state attorney involved in the prosecution, the Attorney General of Florida, and the clerk of this court. The appropriate state officer may then move for dismissal of the appeal or this court will sua sponte direct appellant to show cause why the appeal should not be dismissed.
The procedures we have discussed above should prove helpful by enabling the trial and appellate courts to properly and promptly distinguish those cases which present one or more justiciable issues from those which do not. Where appellants are entitled to appeal they will have counsel appointed if they so desire and if they qualify for an appointment. Their cases will then be handled in due course. Where convicted defendants' available remedies, if any, are only in the form of collateral proceedings, dismissal of improvidently taken appeals will permit them to pursue those remedies without further delay.
IT IS SO ORDERED.
ERVIN, NIMMONS and WOLF, JJ., concur.