575 So.2d 1335 (1991)
Larry FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3215.
District Court of Appeal of Florida, First District.
February 25, 1991.
*1336 Glen Gifford, Asst. Public Defender, Tallahassee, for appellant.
James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.

ORDER ON MOTION TO DISMISS
PER CURIAM.
The state filed a motion to dismiss this criminal appeal, arguing that appellant pleaded guilty or nolo contendere without expressly reserving the right to appeal and received a sentence consistent with the plea agreement. The state seeks dismissal pursuant to section 924.06(3), Florida Statutes, *1337 and Hughes v. State, 565 So.2d 354 (Fla. 1st DCA 1990).[1] We deny the motion to dismiss[2] and take this opportunity to clarify Hughes.
Appellant entered a plea of nolo contendere to armed robbery and false imprisonment. He was sentenced to 10 years on the first charge, 5 years on the second and adjudicated a habitual violent felony offender. The record was received in this court on December 6, 1990. On December 7, the state filed the motion to dismiss. After reviewing the supplemental memoranda we determine that the motion to dismiss must be denied.
Section 924.06(3) states:
A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack.
The Florida Supreme Court has specifically held section 924.06(3) to be constitutional, holding that the prohibition against appeal from a guilty plea is "directed to pretrial rulings and not to matters which may occur contemporaneously with a plea of guilty or a plea of nolo contendere." Robinson v. State, 373 So.2d 898, 900 (Fla. 1979). The court held that there was a limited class of issues which occur contemporaneously with the entry of the plea that may be the proper subject of an appeal. The court stated:
To our knowledge, they would include only the following: (1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea.
Id. at 902. Pursuant to Robinson, a defendant can maintain a direct appeal, even when a plea of nolo contendere or guilty is entered, if the defendant raises issues which occur at the time the plea is entered.
Where there is right to direct appeal, there follows the right to appointed counsel. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Appointed counsel must comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), even where there is a guilty plea. U.S. v. Mosley, 488 F.2d 537 (5th Cir.1973). Anders requires that counsel review the record and submit a brief, pointing to anything that may arguably be reversible error. In re Order of the First District Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla. 1990). If counsel files a brief which does not point to reversible error, Anders requires that an indigent appellant be allowed time to file a pro se brief raising any points that he chooses. After the initial brief, pro se brief and the complete record on appeal have been filed, the court must then make an independent examination of the record. Anders; Mosley. Only at this point can it be determined if the court lacks jurisdiction and whether dismissal of the appeal is proper. Here, the initial brief, which would apprise the court of the issues on appeal, has not been filed, nor has the pro se brief. At this stage in the proceedings, the court is unable to review the complete record and the initial brief on the merits. Accordingly, the motion to dismiss filed in this case is premature and must be denied.
In Hughes, this court suggested that where appellate counsel determines that the client has waived the right to appeal, counsel could move to withdraw. We clarify the procedure suggested in Hughes in light of Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 *1338 (1988). In Penson, the Supreme Court held that appellate counsel may not be allowed to withdraw based on a certificate of meritless appeal. A motion to withdraw must be supported by an Anders brief so that the court has an adequate basis for determining if counsel has performed his duty of carefully searching the record for arguable error and providing assistance in the court's own review of the record. Additionally, a court should not act on a motion to withdraw before it makes its own examination of the record to determine whether counsel's evaluation of the case is sound. McCoy v. Court of Appeals, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Accordingly, a motion to withdraw must be supported by an Anders brief and cannot properly be considered until the court has made an independent review of the record on appeal.
We are not unmindful that a criminal defendant may improvidently invoke his right to an appeal. Once the appeal process is triggered, however, appellant is entitled to due process considerations, which apply even to a motion to dismiss. Douglas, Anders, McCoy and Penson have created and affirmed a system to safeguard a criminal appellant's constitutional and statutory rights. We are bound to follow that procedure. Ultimately, the court may conclude that dismissal is proper, but this determination can be made only after the appellant has been afforded the due process rights that are guaranteed.
The motion to dismiss is denied.
ERVIN, JOANOS and WOLF, JJ., concur.
NOTES
[1] The motion to dismiss failed to explain the applicability of Hughes to the facts of this case. Although appellant filed a response, we ordered supplemental memoranda on this issue.
[2] The state has filed numerous perfunctory motions seeking dismissal in similarly situated appeals.