596 So.2d 744 (1992)
Richard PYLE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3800.
District Court of Appeal of Florida, First District.
March 27, 1992.
*745 Nancy A. Daniels, Public Defender, and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., for appellee.
PER CURIAM.
Richard Pyle has appealed from sentence imposed after pleading nolo contendere to resisting arrest with violence and disorderly intoxication. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that he is unable to make a good faith argument for reversible error, save that the special conditions of probation reflected on the written probation order do not conform to the oral pronouncement of those conditions. The state has moved to dismiss the appeal for lack of jurisdiction. We deny the motion to dismiss, and reverse and remand for correction of the written probation order to conform with the oral pronouncement.
The state first moved to dismiss for lack of jurisdiction prior to the filing of the initial brief, citing Pyle's nolo contendere plea. See § 924.06(3), Fla. Stat. (a defendant who pleads nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal). Despite such a plea, a defendant can maintain a direct appeal if he raises issues which occur at the time the plea is entered: 1) the subject matter jurisdiction, 2) the illegality of the sentence, 3) the failure of the government to abide by the plea agreement, and 4) the voluntary and intelligent character of the plea. Ford v. State, 575 So.2d 1335, 1337 (Fla. 1st DCA 1991), citing Robinson v. State, 373 So.2d 898, 902 (Fla. 1979). The state alleged that, because Pyle's sentence was not illegal, this court was without jurisdiction to consider the appeal.
The court denied the motion as premature, in that, in an Anders appeal, only after the initial brief, pro se brief and the complete record on appeal have been filed can the court determine if it lacks jurisdiction and whether dismissal of the appeal is proper. Ford at 1337. After the initial Anders brief was filed (Pyle did not file a pro se brief), the state renewed its motion, which we now deny.
Pyle argues on appeal that his sentence is illegal in that the written order placing him on probation includes a special condition, i.e. that he "submit [to] and pay for urinalysis at the direction of his probation officer," that was not orally pronounced at sentencing.[1] While this court has never held in so many words that this error constitutes an "illegal sentence," we have held that "[t]he inclusion of special conditions of probation in a written order that were not orally pronounced at the sentencing hearing mandates a reversal and remand for correction of the written order to conform to the oral pronouncement." Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989) (emphasis supplied); see also McCollun v. State, 586 So.2d 490, 491 (Fla. 1st DCA 1991).
We therefore find that this court has jurisdiction, under Robinson and Ford, to consider those appeals in which the appellants pled nolo contendere, and whose written probation orders include special conditions of probation that were not orally pronounced at the sentencing hearing. The state's motion to dismiss is denied, and this case is remanded to the trial court for correction of the written probation order to *746 conform to the oral pronouncement of sentence only as to the special condition of submission to and payment for urinalysis.
Reversed and remanded with directions.
JOANOS, C.J., ERVIN and MINER, JJ., concur.
NOTES
[1] Pyle also alleges that the written special condition that he "must attend substance abuse treatment" was not orally pronounced at sentencing. However, careful review of the sentencing transcript reveals that this condition was orally pronounced, albeit not in the exact words appearing in the written probation order. We therefore find this portion of Pyle's argument without merit.