ORDER ON MOTION FOR INTERIM APPOINTMENT OF COUNSEL

The Public Defender for the Sixth Judicial Circuit has filed with this court a motion for interim appointment of counsel. The motion seeks to have the public defender appointed on an interim basis to determine whether the appellant in this case is. entitled to counsel. We grant the motion and appoint the public defender as counsel for appellant for the remainder of these proceedings.
Appellant was determined to be insolvent and without means to pay for a private attorney in this appeal. He filed a pro se motion for appointment of appellate counsel, which the trial court denied. The trial court’s order recites that this is a case where appellant sought to pursue a direct appeal after entering a valid plea. According to the trial court, there was no asser *206 tion that appellant’s sentences were illegal, erroneous, or unlawful. The trial court further stated that no issue, legal argument, or objection to evidence had been preserved for appeal and no pretrial issue was preserved or existed. Citing to section 924.051(7), Florida Statutes (1999), part of the Criminal Appeals Reform Act of 1996 (“CARA”), the trial court stated that the party challenging a judgment has the burden of demonstrating that prejudicial error occurred in the trial court.[1] The trial court concluded that appellant filed a frivolous appeal; it accordingly declined to appoint counsel to facilitate further proceedings.
In response to this order, the public defender filed in this court a motion for interim appointment of counsel after receiving a written request for counsel from appellant. This court ordered the State to respond to the public defender’s motion. This court requested the State’s position, if one was taken, on the propriety of the trial court’s denial of appellate counsel. Although the State took no position on this issue, it stated, without explication, that section 924.051 supplied legal justification for the position taken by the trial judge. We disagree.
Section 924.051(3) imposes certain restrictions on the types of appeals that can be taken in criminal cases. This section provides:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
§ 924.051(3) (emphasis added).
Section 924.051(4) specifically addresses appeals that can be taken where, as in this case, a nolo contendere or guilty plea has been entered. This section provides:
If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
§ 924.051(4).
In Bain v. State, 730 So.2d 296, 303 (Fla. 2d DCA 1999), we recognized that section 924.051(4) was constitutional only if read to conform to the holding in Robinson v. State, 373 So.2d 898 (Fla.1979). In Robinson, the supreme court held that a defendant who entered a plea without reservation could still raise the issues of: (1) lack of subject matter jurisdiction of the trial court; (2) illegality of the sentence; (3) failure of the State to abide by the plea agreement; and (4) the voluntary and intelligent nature of the plea. See 730 So.2d at 303.
We acknowledge that the intent behind CARA is “to minimize frivolous appeals, to maximize the efficiency of the appellate system, and to place the task of correcting most sentencing errors in the lap of the circuit court.” Denson v. State, 711 So.2d 1225, 1228 (Fla. 2d DCA 1998). In fact, section 924.051(9) reminds courts that “[fjunds, resources, or employees of this state or its political subdivisions may not be used, directly or indirectly, in appellate or collateral proceedings unless the use is constitutionally or statutorily mandated.”
Moreover, in Bain, we announced our view that CARA is a legisla *207 tive endeavor to “limit the jurisdiction of Florida’s appellate courts to entertain appeals from final orders in criminal cases.” 730 So.2d at 300.[2] At the same time, however, we presume that “[t]he Florida Constitution grants to our citizens the right to appeal, and confers upon the appellate courts jurisdiction to review, all final orders of trial courts.” Id. at 298. Of course, “[a]n indigent criminal defendant is entitled to be represented on appeal by counsel when the appeal is as of right.” Dagostino v. State, 675 So.2d 194, 195 (Fla. 4th DCA 1996).
Given these principles, we do not believe that CARA empowers the trial court, whose rulings are being questioned on appeal, to determine whether that appeal is frivolous and to deny counsel to an indigent appellant. That is something this court must decide. The portion of section 924.051(3), emphasized above, suggests, on its face, that this is the proper conclusion. Moreover, this conclusion is consistent with the proposition that this court has judicial power to hear and determine the question of its own jurisdiction, both as to parties and subject matter, and necessarily does so by proceeding in the cause. See, e.g., Sun Ins. Co. v. Boyd, 105 So.2d 574, 575 (Fla.1958); State ex rel. B.F. Goodrich Co. v. Trammell, 192 So. 175, 177 (Fla.1939).
In Yates v. State, 738 So.2d 964 (Fla. 2d DCA 1999), we dismissed an appeal from a restitution order entered subsequent to convictions and sentences for lack of jurisdiction under CARA after determining that the alleged errors were not properly preserved for appellate review and did not amount to an illegal sentence. By doing so, we implicitly interpreted CARA as giving this court, and not the trial court, jurisdiction to determine its jurisdiction over the appeal.
In reaching this result, we have not overlooked the First District’s decision in Hughes v. State, 565 So.2d 354 (Fla. 1st DCA 1990). In Hughes, the defendant pleaded guilty and was directed to show cause why his' appeal should not be dismissed for failure to present a justiciable issue. Receiving no response,' the court dismissed the appeal. See id. at 355. The Hughes court took the opportunity to address in dicta the procedures for handling appeals where a defendant pleads guilty or nolo contendere and then, despite being advised that such a plea constitutes a waiver of the right to appeal, files a pro se notice of appeal. The Hughes court stated that when an appellant in this posture moves for appointment of appellate counsel, “[i]f the trial court finds that the right of appeal has been waived and the movant fails to demonstrate the existence of a viable Robinson issue, such a motion may be properly denied.” Id.
The First District clarified Hughes in Ford v. State, 575 So.2d 1335 (Fla. 1st DCA 1991). In Ford, the court held that counsel’s motion to withdraw must be accompanied by an Anders[3] brief so that the court has an adequate basis for determining if counsel performed the duty of carefully searching the record for arguable error and providing assistance in the court’s review of the record. Id. at 1338. The court went on to note:
We are not unmindful that a criminal defendant may improvidently invoke his right to an appeal. Once the appeal process is triggered, however, appellant is entitled to due process considerations .... Ultimately, the court may conclude that dismissal is proper, but this determination can be made only af *208 ter the appellant has been afforded the due process rights that are guaranteed.

Id.

Ford did not expressly address the dicta in Hughes regarding the trial court’s authority to deny appointment of appellate counsel. However, we think the due process concerns expressed in Ford negate the authority of a trial court to determine whether there is an appealable issue from its own judgment and sentence and to deny appellate counsel after deciding there is none. Cf. State v. Trowell, 739 So.2d 77, 80-81 (Fla.1999) (noting the State cannot condition a belated appeal upon a defendant making a showing, before counsel is appointed, that the appeal would be meritorious).
In addition, common sense suggests that an indigent defendant should have appellate counsel on direct appeal. As the supreme court recognized in making recent amendments to Florida Rule of Criminal Procedure 3.800(b), these amendments “will give appellate counsel, with expertise in detecting sentencing errors, the opportunity to identify any sentencing errors and a method to correct them and preserve them for appeal.” Amendments to Fla. Rules of Criminal Procedure S. 111(e) & 8.800, 761 So.2d 1015 (Fla.1999). These amendments allow a motion to correct a sentencing error to be filed in the trial court while an appeal is pending. See Fla. R.Crim. P. 3.800(b)(2). Conceivably, appellate counsel can preserve sentencing errors for appellate review that were not preserved at the time the notice of appeal was filed. If the trial court were able to deny appointment of appellate counsel based on its determination that no appeal-able issue was preserved at the time the notice of appeal was filed, this could deprive the defendant of having counsel subsequently raise and preserve such an issue. We do not think that such a result supports the purposes behind CARA.
We accordingly grant the public defender’s motion for interim appointment of counsel and appoint the public defender to represent appellant throughout these proceedings.
PATTERSON, C.J., and BLUE and GREEN, JJ., Concur.

. Section 924.051(7), Florida Statutes (1999), provides, in part, that "[ijn a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court.”

. This is in contrast to other courts, including the First, Third, and Fourth Districts, which treat CARA as a nonjurisdictional restriction of the appellate scope and standard of review in criminal cases. See Bain v. State, 730 So.2d 296, 300 (Fla. 2d DCA 1999), and cases cited therein.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).