913 So.2d 1260 (2005)
Herbert PAYNE, Ann Stetser, The Durham Park Neighborhood Association, a Florida not for profit corporation, and The Miami River Marine Group, Inc., a Florida not for profit corporation, Appellants,
v.
CITY OF MIAMI, a Florida municipal corporation, Balbino Investments, LLC, and Florida Department of Community Affairs, a State Agency, Appellees.
No. 3D05-120.
District Court of Appeal of Florida, Third District.
November 16, 2005.
Andrew W.J. Dickman, for appellants.
Greenberg, Traurig (Tallahassee) and David C. Ashburn; Greenberg, Traurig (Miami) and Elliot H. Scherker, Lucia Dougherty, Paul R. Lipton, Edward F. Guedes and Pamela A. DeBooth; Jorge L. Fernandez, Sarasota, and Rafael Suarez-Rivas, Miramar, for appellees.
Before COPE, C.J., and SHEPHERD, J., and SCHWARTZ, Senior Judge.
COPE, C.J.
The question before us is how to calculate the time when an affected person petitions the Division of Administrative Hearings ("DOAH") to challenge a small scale development amendment which has been adopted by a local government. See § 163.3187(3)(a), Fla. Stat. (2004). The Miami City Charter provides that after adoption of an ordinance by the City Commission, the Mayor may approve it by signing it or may allow it to become effective without his signature by allowing ten days to elapse without exercising a veto. Under such a charter provision, the thirty-day time limit begins to run after the ten days have elapsed or (if earlier) the date of the Mayor's signature.

I.
Appellee Balbino Investments, LLC is the owner of property located on the Miami River. Balbino wishes to develop the property and requested a small-scale amendment to the Future Land Use Map of the Miami Comprehensive Neighborhood Plan.
The City Commission enacted the small-scale amendment in Ordinance No. 12550 which was adopted on June 24, 2004. On August 5, 2004 the appellants filed a petition with DOAH to challenge the small-scale amendment. The petition was filed *1261 within thirty days after the ordinance took effect, but more than thirty days after the City Commission passed it. The Department of Community Affairs dismissed the petition as untimely filed. This appeal follows.

II.
The Department ruled that the thirty-day period runs from the date the City Commission adopted the ordinance. We must respectfully disagree with the Department's interpretation, as it is not supported by the language of the statute.
Under the statute, the thirty-day time period begins to run at the time of the local government's adoption of the amendment. The statute provides in part:
Any affected person may file a petition with the Division of Administrative Hearings pursuant to ss. 120.569 and 120.57 to request a hearing to challenge the compliance of a small scale development amendment with this act within 30 days following the local government's adoption of the amendment. . . .
§ 163.3187(3)(a), Fla. Stat. (2004) (emphasis added).
The key phrase here is "local government's adoption of the amendment." Id. In this statute, "`Local government' means any county or municipality." Id. § 163.3164(13).
Thus, in this case "local government" means the City of Miami. The question is when the City of Miami adopted the amendment, not when the City Commission adopted the amendment.
Under the Miami City Charter, "[t]he mayor shall, within ten days of final adoption by the city commission, have veto authority over any legislative, quasi-judicial, zoning, master plan or land use decision of the city commission. . . ." Miami City Charter § 4(g)(5).[1]
The City Code spells out the procedure. After the City Commission has acted, "[t]he mayor may indicate approval of any ordinance or resolution by signing it in the place provided, or the mayor may permit the item to become effective in accordance with its terms by allowing ten days to elapse without exercising a veto." Miami City Code § 2-36(1).
Under the Charter, an ordinance does not become effective upon passage by the City Commission. Instead, it becomes effective after ten days without signature, or (if earlier) the date on which the Mayor signs the ordinance.
By our calculation, the ordinance took effect on July 6, 2004. The appellants filed their petition with DOAH within thirty days. Accordingly the petition was timely filed.[2]
The error in the Department's analysis is that it read the statutory phrase "local government's adoption" to mean adoption by the City Commission. As already stated, the statute defines "local government" to mean the City itself, not the City Commission. See § 163.3164(13), Fla. Stat.
Because the petition was timely filed, we reverse the Department's order and remand *1262 for further proceedings on the petition.
Reversed and remanded.
NOTES
[1] The commission may overrule a veto by a four-fifths vote. Id.
[2] The City Commission enacted the ordinance on June 24, 2004. The tenth day was Sunday, July 4, and Monday, July 5, was a holiday. The ordinance became effective on Tuesday, July 6. See Miami City Code § 1-2 (stating rules for computation of time). The fact that the Mayor signed the ordinance on Wednesday, July 7, made no difference.

The petition was timely filed on Thursday, August 5, the thirtieth day after July 6.