937 So.2d 1189 (2006)
5220 BISCAYNE BOULEVARD, LLC and The City of Miami, Petitioners,
v.
Robert STEBBINS, Brian Hollenbeck, Jane Pittman, Joyce Chatard, Elvis Cruz, and Theresa Wright, Respondents.
No. 3D06-1483.
District Court of Appeal of Florida, Third District.
September 13, 2006.
Shutts & Bowen, LLP, and Stephen T. Maher, and Suzanne Youmans Labrit, and Maria A. Gralia, Miami; Jorge L. Fernandez, *1190 Sarasota, and Rafael Suarez-Rivas, Miramar, Attorney for The City of Miami, for petitioners.
Hite Baldwin, P.L., and M. Catherine Hite, for respondents.
Before GERSTEN, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
Petitioners 5220 Biscayne Boulevard, LLC and the City of Miami (hereinafter referred to collectively as "the City") seek a writ of prohibition to prevent the circuit court from proceeding with a de novo action filed pursuant to section 163.3215(3), Florida Statutes (2005), challenging the approval of a construction project at 5220 Biscayne Boulevard, Miami, Florida. The City argues that this Court should issue a writ of prohibition because the de novo circuit court action was untimely filed and thus the circuit court had no jurisdiction to hear it. We deny the writ because the date on which the City Clerk enters a development order is the date that triggers the time period within which to file a de novo action.
The respondents, plaintiffs below (hereafter referred to collectively as "Stebbins"), are citizens of the City of Miami and live in Morningside, a residential single family neighborhood located between Northeast 50th Terrace and Northeast 60th Street, east of Biscayne Boulevard. 5220 Biscayne Boulevard, LLC is the developer of a project at that address on Biscayne Boulevard, located in Miami, Florida. Stebbins challenged the City's issuance of a major use special permit which was approved by the City Commission on December 15, 2005 in a Development Order which the Mayor signed on December 20, 2005. The City Clerk entered the Development Order on December 21, 2005. Stebbins filed a complaint pursuant to section 163.3215, challenging the City's development order that permits the developer to build a high rise, high density condominium building at 5200-5220 Biscayne Boulevard. Stebbins alleged that the development order was inconsistent with the City's comprehensive plan. The action, however, was originally filed on January 20, 2006, thirty-one days after the Mayor signed the Development Order, but thirty days after the Clerk entered the order.
The City moved to dismiss the action, asserting that the circuit court had no jurisdiction because it had been untimely filed. After the circuit court denied the motion, the City sought a writ of prohibition to prevent the circuit court from exercising its subject matter jurisdiction over the Stebbins' claims and to require the circuit court to dismiss the Stebbins' claims with prejudice.
Section 163.3215(3) provides that the de novo action "must be filed no later than 30 days following rendition of a development order." We conclude, in this case of first impression, that the triggering event for "rendition" is when the City Clerk entered the development order, not when the mayor signed the order.
Prohibition would be the proper remedy had the circuit court improperly denied the motion to dismiss this case as untimely filed. Miami-Dade County v. Peart, 843 So.2d 363, 364 (Fla. 3d DCA 2003). Furthermore, we held in Bal Harbour Village v. City of North Miami, 678 So.2d 356, 360-61 (Fla. 3d DCA 1996), "the time limit specified in Section 163.3215 is jurisdictional." Even though Bal Harbour involved an earlier version of the statute with slightly different requirements, we see no reason to recede from the holding that the issue is jurisdictional.
In 2002, the Florida Legislature substantially amended section 163.3215 to address *1191 issues of standing, the standard of review, and the procedure for challenging a development order, to correct perceived problems with the prior version of the law. For example, to measure the appropriate thirty day period within which to file the action under the 2001 version of section 163.3215, an aggrieved or adversely affected person was required to determine the date that "the alleged inconsistent action was taken."
The 2002 amendment to section 163.3215 was intended to simplify the time limit for bringing the de novo action to challenge a development order by requiring that the action be filed within thirty days of rendition of the development order. No reported case interprets how an aggrieved or adversely affected party should determine the date of rendition of a development order in the context of section 163.3215.
The City cites Payne v. City of Miami, 913 So.2d 1260 (Fla. 3d DCA 2005) in support of its argument that the date of rendition of a development order is the date on which the Mayor signs the order, but the Payne case construes a different statute which does not use the date of rendition as the triggering event. At issue in Payne was the time for filing a petition with the Department of Administrative Hearings to challenge a small scale development amendment. There, the time ran from the date of the local government's adoption of the amendment, pursuant to the express language of section 163.3187(3)(a). The statute's trigger date was the date of the "local government's adoption of the amendment" which this Court determined by reference to City Charter to be either ten days after passage by the City Commission without the Mayor's signature "or (if earlier) the date on which the Mayor signs the ordinance." Id. at 1261. Thus, the Payne case is inapplicable because the trigger date for section 163.3215 is the date of rendition of a development order.
The Senate Staff Analysis of the proposed 2002 amendment of section 163.3215 indicates that the date of rendition should be calculated in accordance with the Florida Rules of Court. Specifically, the Senate Staff recognized that the proposed 2002 amendment incorporated specific recommendations of the Growth Management Study Commission, which was appointed by Governor Jeb Bush in July 2000, as set out in its Final Report entitled "A Liveable Florida for Today and Tomorrow." Recommendation 38 of the Growth Management Study Commission specifically stated:
Regardless of whether a local government used the special master process, the verified complaint provisions of section 163.3215, Florida Statute, would be deleted and the time schedule in s. 163.3215(4), Florida Statute, would be revised to make clear that a challenger has a certain amount of time from the date of the rendition of the local decision, in accordance with the Florida rules of court to file an action in circuit court for the appropriate review, as provided by statute.
Id. The Florida Rules of Court provide that the date of rendition of an order is the date when a signed, written order is filed with the clerk of the lower tribunal. See Fla. R.App. P. 9.020(h). This legislative history supports the argument that the word "rendition" was used in the 2002 amendment to section 163.3215 to eliminate the confusion in filing deadlines, because the "date of rendition" has a specific, uniform meaning and is determined in accordance with the Florida Rules of Court.
Additionally, until the development order is filed with the City Clerk and becomes available for public review, the public may not learn that the development *1192 order has been executed, nor what the final content of the order is so as to file a meaningful complaint for review. The City could refrain from filing the signed development order with the Clerk until thirty days have elapsed from the date on which the Mayor signs the development order. See Das v. Osceola County, 685 So.2d 990 (Fla. 5th DCA 1997) (wherein the court held that a local government "should, at the least, issue an order or permit of public record before the rights of the public to file a consistency challenge [pursuant to section 163.3215] are foreclosed by the expiration of time."). We therefore determine that the date of rendition of the development order was the date that it was filed with the City Clerk on December 21, 2005, and that the Complaint was timely filed on January 20, 2006.
Writ of prohibition denied.