CLARK, J.
 

 The appellants challenge the circuit court’s final summary judgment for the
 
 *765
 
 appellees in an action for declaratory and injunctive relief. That action was filed in connection with a development order issued by the Director of the Department of Planning and Zoning for the appellee Walton County. Among other grounds for summary judgment, the circuit court properly determined that the action for declaratory and injunctive relief was untimely under section 163.3215(3), Florida Statutes.
 

 Section 163.3215(3) provides that an action for declaratory or injunctive relief to contest a development order’s consistency with a local comprehensive plan must be filed no later than thirty days following rendition of the order, or when all local administrative appeals are exhausted, whichever occurs later. In the present case there were no administrative appeals. The appellants’ circuit court action was filed long after the thirty-day time limit under section 163.3215(3) had expired, as the order was rendered when it was filed with the clerk for the Department of Planning and Zoning. Although the Department clerk’s job title did not expressly identify her as the clerk and she also had other duties, the record establishes that she was the person in charge of such filings and that being the records clerk was a major part of her job responsibilities.
 

 The appellants’ failure to bring their circuit court action within the time allowed under section 163.3215(3) is a jurisdictional defect, upon which summary judgment was properly entered as to the section 163.3215 action.
 
 See 5220 Biscayne Blvd., LLC v. Stebbins,
 
 937 So.2d 1189 (Fla. 3d DCA 2006). Although the order in
 
 5220 Biscayne
 
 was rendered when filed with the City Clerk, that order was entered upon approval by the City Commission and under signature of the mayor, rather than by an official for another administrative body with its own clerk. The development order in the present case was entered by the Director of the Department of Planning and Zoning, which is the lower tribunal as described in Florida Rule of Appellate Procedure 9.020(e), as the agency or body whose order is to be reviewed. Florida Rule of Appellate Procedure 9.020(h) defines rendition as the date when a signed written order is filed with the clerk of the lower tribunal, and Florida Rule of Appellate Procedure 9.020(b) describes the clerk as the person specifically designated as such, or who most closely resembles a clerk in the functions performed. In the present case, the Department’s clerk was the clerk of the lower tribunal and summary judgment was properly entered on the appellants’ section 163.3215 claim because it was not brought within the jurisdictional time limits provided in section 163.3215(3).
 

 AFFIRMED.
 

 BENTON and VAN NORTWICK, JJ., concur.