ORDER ON MOTION TO DISMISS

PER CURIAM.
Appellee files a motion to dismiss this criminal appeal asserting that the notice of appeal was untimely filed. We deny the motion to dismiss finding that the clerk of the circuit court should have accepted the notice of appeal on the original date it was electronically filed.
The order to be reviewed was rendered on January 14, 2014. Appellee’s motion to dismiss asserts that the state filed the notice of appeal on February 5, 2014, more than 15 days after rendition of the order to be reviewed. See Fla. R. App. P. 9.140(c)(3) (requiring that any state criminal appeal, with one exception not material here, must be filed within 15 days of rendition of the order to be reviewed).
In response, the state shows that it electronically filed the notice of appeal on January 22, 2014, which was within the 15-day time limit of rule 9.140(c)(3). The state has provided documentation demonstrating that its notice of appeal was electronically transmitted to the clerk of the circuit court and entered on January 22, 2014. The circuit court clerk’s e-filing portal also noted that the notice of appeal was filed on January 22, 2014. However, because the state’s notice of appeal listed appellee and a co-defendant’s name in the style of the case, the circuit court clerk rejected the notice of appeal stating that the filing in the e-filing portal queue needed to be corrected before it was filed because “all appeal pleadings must have one defendant name.” The state filed its corrected notice of appeal on February 5, 2014, which was outside the 15-day deadline of rule 9.140(c)(3).
First, it is the general rule that a defect in a notice of appeal that does not prejudice the adverse party will not serve as grounds for dismissal. Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla.1977); Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla.1972). Certainly, an appellee would be hard pressed to show prejudice from a notice of appeal presented to the clerk which also lists a co-defendant’s name. Second, a “notice of appeal is generally deemed filed on the date it is actually filed with the clerk of the trial court.... [When] a notice of appeal is tendered for filing with the clerk of the trial court but is refused by the said clerk, the notice is deemed filed on the date it is so tendered-notwithstanding the appearance of a later filing date which is stamped by the said clerk on the face of the notice.” Weintraub v. Alter, 482 So.2d 454, 457 (Fla. 3d DCA 1986); see also Strax Rejuvenation & Aesthetics Institute, Inc. v. Shield, 49 So.3d 741 (Fla.2010) (citing Weintraub and holding that the stamped filing date on a notice of appeal is presumptive evidence of the filing date, but is not conclusive and can be rebutted by other evidence); Cook v. Walgreen Co., 399 So.2d 523 (Fla. 2d DCA 1981) (stating that a document is deemed filed when delivered to the proper officer).
This court has held that “it is the ministerial duty of a trial court clerk to accept and promptly file a notice of appeal when tendered.” Hughes v. State, 565 So.2d 354 (Fla. 1st DCA 1990); accord Musmacher v. McDonough, 969 So.2d 1101 (Fla. 1st DCA 2007) (holding that the clerk of the circuit court had a ministerial duty to accept a petition for filing even if the petition was not accompanied by the payment of filing fees); Jones v. Peninsula Motor Club, Inc., 558 So.2d 517 (Fla. 1st DCA 1990) (holding that the clerk of the circuit court has a ministerial duty to accept a notice of appeal without payment of the filing fee and that the “notice is not to be returned to the appellant”); Wemett v. *970 State, 536 So.2d 349 (Fla. 1st DCA 1988) (holding that the clerk of the circuit could not reject a notice of appeal on the ground that the notice submitted was a photocopy which lacked an original signature).
In this case, the clerk of the circuit court should have accepted the timely electronically filed notice of appeal and then requested that the state take corrective action. Accordingly, we find that the notice of appeal was timely, having been electronically filed within the jurisdictional time limit of rule 9.140(c)(3).
MOTION TO DISMISS DENIED.
WOLF, PADOVANO, and RAY, JJ„ concur.