# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2279

_____

KEVIN PETTWAY, JENNIFER
WOLFE, NANCY MURREY-SETTLE,
and FRED POPE,

      Petitioners,

      v.

CITY OF JACKSONVILLE, a
Municipal Corporation, and
SALEEBAS-2216 OAK STREET,
LLC,

      Respondents.

_____

Petition for Writ of Mandamus—Original Jurisdiction.

August 10, 2018

ON MOTION FOR REHEARING AND CLARIFICATION[*]

PER CURIAM.

"Rendition" of an order, in legal parlance, is the triggering final event that starts the jurisdictional stopwatch for seeking appellate relief. In this case, at issue is whether the City Council of the Consolidated City of Jacksonville has the authority to determine the finality of the City's process for ordinances arising

_____

[*] We deny rehearing but grant clarification, substituting this opinion for our original opinion.

from its formal quasi-judicial proceedings, which in this case is a rezoning matter.

Kevin Pettway and others residing in his Riverside neighborhood ("Pettway") opposed the rezoning of nearby property to allow for a new restaurant, to be known as "The Roost." The property owner, "Saleebas-2216 Oak Street LLC" ("Saleebas"), filed rezoning applications that were reviewed first by the Jacksonville Planning and Development Department, which thereafter issued a report with conditions that was sent to the Jacksonville Planning Commission for review. A lengthy public hearing was held, after which the Commission issued its recommendation of approval.

Pursuant to the City's municipal code, Pettway requested a formal quasi-judicial hearing in front of the Land Use and Zoning Committee of the Jacksonville City Council, resulting in another lengthy hearing and ultimately the Committee's recommendation to approve the application. The final step was for the full nineteen-member City Council to consider the Committee's recommendation and to approve an ordinance allowing the rezoning, which it ultimately did on May 24, 2016.

That did not end the City's legislative process for this quasi-judicial matter. The City's rules on the topic—entitled "Final Order"—say that the type of ordinance at issue, involving "Formal Quasi-Judicial Procedures," must be executed by the Council President and Council Secretary and thereafter sent by certified mail to the "applicant and affected parties." JACKSONVILLE, FLA., PROCEDURES GOVERNING QUASI-JUDICIAL ACTIONS Ch. 6, Rule 6.310. According to Dr. Cheryl Brown, the City Council's Secretary, the ordinance was signed by the Council President and herself, after which it was provided to the Office of Legislative Services and made available for public review on May 25, 2016 (and posted online that day). The signed ordinance was then filed in the "Jacksonville ordinance book" by "Legislative Staff" on June 14, 2016. Finally, as City rules require, the "Legislative Staff mailed a certified copy of the enacted ordinance with a cover letter to all property owners within 350 feet" of the rezoned property on June 20, 2016.

Under City Rule 6.310, the "date of rendition of the order shall be the date of mailing" of the ordinance to the applicant and affected parties, thereby establishing the finality of the order on that date. For that reason, Pettway sought review of the ordinance by filing a petition for certiorari with the circuit court on July 20, 2016, the last day within the thirty-day jurisdictional window under Florida appellate rules. Fla. R. App. P. 9.100(c)(2). They were advised by the City Council's Secretary that June 20, 2016, was the date of rendition of the ordinance, and an attorney with the general counsel noted that, due to a delay in the certified mailings being sent, the timing of an appeal would be affected due to the City's rendition rule.

Saleebas moved to dismiss Pettway's petition, claiming it was untimely filed for two reasons, one of which related to a snafu in the circuit court clerk's office that resulted in Pettway's petition being docketed and date-stamped as filed initially on July 20, 2016, but later changed to July 25, 2016, due to the clerk rejecting the petition for lack of an appendix. Pettway's appendix was made a part of the petition that was filed, but the appellate rules require a separately filed appendix. Fla. R. App. P. 9.220(c). For this reason, Pettway's petition was put in a "Pending Queue" and not deemed filed until July 25, 2016, when the matter was straightened out. The clerk, however, had a ministerial duty to accept and file the petition when it was received on July 20, 2016, thereby making that date the correct one for purposes of calculating the time for Pettway to file his petition. *See State v. Johnson*, 139 So. 3d 968, 969 (Fla. 1st DCA 2014) (holding that notice of appeal was timely filed electronically, despite clerk of court placing it in "e-filing portal queue" for correction by filing party). The trial court dismissed Pettway's petition on other grounds, deeming whether it was filed on July 20th or 25th as moot. But, as Pettway points out, the legally correct date of filing was July 20th, when his petition was received by the clerk's office. This matters because Pettway's petition is untimely if deemed filed on the 25th, but—as discussed below—would be timely under City Rule 6.310.

As to the date of the ordinance's rendition, the trial court turned to Florida Rule of Appellate Procedure 9.020(i), which states that an "order is rendered when a signed, written order is

3

filed with the clerk of the lower tribunal" and concluded that "[i]n the case of a quasi-judicial proceeding, the filing of the ordinance at issue with a government clerk or the person '. . . *who most closely resembles a clerk in functions performed*' determines the date of 'rendition.'" (quoting *Presidents' Counsel of SD, Inc. v. Walton Cty.*, 36 So. 3d 764 (Fla. 1st DCA 2010)). The trial court agreed with Saleebas that rendition of the ordinance occurred on May 25, 2016, because the ordinance was "filed" on that date with "the City's Office of Legislative Services and available for public review on the City's website." The trial court specifically rejected the applicability of City Rule 6.310.

Pettway urges—and we agree—that City Rule 6.310 should be given effect. The City—which sides with Pettway on this procedural point—says that the date upon which certified mail is sent has always been the determinative date of finality for its quasi-judicial proceedings involving required notice to affected parties, such as those potentially impacted by a change in zoning. But it makes little sense for an earlier date of rendition—such as May 25, 2016, when the ordinance was sent to Legislative Services and made available on the City's website—because the applicant and affected parties aren't given actual notice at that time. Starting the thirty-day clock at that point would be premature; affected property owners could easily lose their right to contest final orders about which they are not notified via the certified mail process. In fact, an oversight in this case resulted in a delay in the dispatch of the certified notices until June 20th, which was almost a month after the ordinance had been sent to Legislative Services, creating a likelihood that the thirty-day jurisdictional window could lapse before recipients were notified. The certified letters should have been sent out within ten days, but either way, the date of the certified mailing would control. The applicant and some affected parties may know or become aware of an ordinance at an earlier time, of course, but the date of the certified mailings provides a termination point as well as a degree of predictability and regularity to the process. The City, which is a consolidated governmental body combining county and municipal functions under one roof, has uniform procedures adopted by its legislative branch, the City Council, designed to ensure orderly practices and an endpoint to the Council's actions.

4

The remaining question is whether giving effect to the City's "Final Order" rule can be harmonized with the Florida appellate rules. It can. Rendition requires three things: an order that is *signed*, *written*, and *filed* with the "clerk of the lower tribunal." Fla. R. App. P. 9.020(i). Under the City's "Final Order" rule, an ordinance arising from a quasi-judicial hearing is *reduced to writing* and then *signed* by the City Council President and Secretary. All that remains for the ordinance to be "rendered" is that it be *filed* in some way with a designated person who performs a clerk-like function. As counsel for Saleebas acknowledged, if the City's rules required that an ordinance be "filed" with the division chief of the City's Parks and Recreation Department, that choice governs and must be honored, even if it makes more sense for some other City official to play that role.

In this regard, the City's rule is simply another way of saying that the date of certified mailing serves the purpose of a "filing" date and thereby sets finality and rendition on that date (an event that becomes part of the ordinance file). The purpose of the word "rendition" in City Rule 6.310 is the same as the word "filed" in the appellate rules: each serves to define the final step that produces finality of the order (here, an ordinance). A more artful way would have been for the City's rule to say that "filing, and thereby rendition, shall be deemed to occur on the date of mailing," thereby more closely paralleling the wording of rule 9.020(i). The City has chosen a somewhat atypical, but nonetheless acceptable, means of establishing when its final quasi-judicial orders are deemed final. *See Kowch v. Bd. of Cty. Comm'rs*, 467 So. 2d 340, 341 (Fla. 5th DCA 1985) ("In the instant case we hold that the letter sent to the parties informing them of the Commissioners' decision constitutes a decision reduced to a writing as provided in Rule 9.020(g)."). Electronic service of orders to affected parties has become commonplace, and the City's certified mailings, though involving ground delivery, parallel that process.

Notably, the caselaw takes a pragmatic approach in deciding unanswered questions like the one presented. For example, courts have determined who most resembles the "clerk" for purposes of rule 9.020 under various circumstances. As this Court held in a county government case:

5

> Although the Department clerk's job title did not expressly identify her as the clerk and she also had other duties, the record establishes that she was the person in charge of such filings and that being the records clerk was a major part of her job responsibilities.

*Presidents' Council of SD, Inc.*, 36 So. 3d at 765. Reviewing courts seek a reasonable resolution, one grounded in the realities of the record presented in each case. In that regard, the trial court here concluded that the Office of Legislative Services is the "clerk" for the purpose of the appellate rules. But the record suggests that the only person who closely resembles a "clerk" for the City is the Council Secretary whose affidavit and letter to Pettway made clear that City Rule 6.310 governs finality, and that June 20, 2016 was the operative date when the certified letters were sent to the applicant and nearby property owners. Under the circumstances presented, the important municipal goals of City Rule 6.310—ensuring finality of its quasi-judicial ordinances and timely notice to affected persons—can coexist with Florida's appellate rules.

In conclusion, we hold that the ordinance at issue was rendered and became final on June 20, 2016, pursuant to the City's "Final Order" rule, which can be squared with the appellate rules, such that mandamus is proper. *Griffin v. Sistuenck*, 816 So. 2d 600, 601 (Fla. 2002) (mandamus proper to reinstate case dismissed for lack of jurisdiction based on untimeliness). Because Pettway's petition was filed with the clerk of the circuit court within thirty days of the rendition of the ordinance, it was timely.

PETITION GRANTED; ORDER QUASHED.

MAKAR, OSTERHAUS, and WINOKUR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Bryan S. Gowdy of Creed and Gowdy, P.A., Jacksonville, and Barry A. Bobek of Barry A. Bobek, P.A., Jacksonville, for Petitioners.

Craig D. Feiser, Assistant General Counsel of the Office of General Counsel, Jacksonville, for Respondent City of Jacksonville; Paul M. Harden, Jacksonville, for Respondent Saleebas-2216 Oak Street, LLC.