DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LONNIE BURNS,**
Appellant,

v.

**DEANNE BURNS,**
Appellee.

No. 4D19-0124

[June 5, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 562016DR003212.

Sasha A. Francis of Francis Law Firm, PLLC, Plantation, and Robin F. Hazel of Hazel Law, P.A., Hollywood, for appellant.

Kristen L. Bishop of Zweben Law Group, P.A., Stuart, for appellee.

**SUA SPONTE OPINION ON TIMELINESS OF THE APPEAL**

PER CURIAM.

Former husband appeals a final judgment of dissolution of marriage. Although former husband's notice of appeal originally appeared to be untimely filed, thus depriving this court of jurisdiction, a review of the record shows the appeal was indeed timely and may proceed in this court. In so finding, we write to disapprove of a practice where a filer cannot electronically submit a notice of appeal through the Florida Courts E-Filing Portal (the "portal") for filing with the St. Lucie County Clerk (the "clerk") unless the filer also submits a filing fee or application for determination of indigent status.

On January 10, 2019, former husband filed a notice of appeal of: (1) a final judgment of dissolution of marriage, issued December 10, 2018; and (2) an "amended final judgment of dissolution of marriage (as to name change only)," issued December 13, 2018.

Because the December 13th amended order only included an immaterial change as to former wife's request to restore her maiden name,

the amended final judgment did not toll the time to file this appeal and therefore, it appeared that the appeal was untimely as to the original final judgment. *See* Fla. R. App. P. 9.110(b) ("Jurisdiction of the court under this rule shall be invoked by filing a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed[.]"); *Daytona Migi Corp. v. Daytona Auto. Fiberglass Inc.*, 417 So. 2d 272, 274 (Fla. 5th DCA 1982) ("[T]he amendment or modification of an order in an immaterial way does not delay the time for seeking review. The time for taking an appeal is tolled only if the second order changes matters of substance or resolves a genuine ambiguity.") (internal citations omitted). As such, this court ordered former husband to file a statement addressing this court's subject matter jurisdiction over the appeal.

In his jurisdictional statement, the former husband alleged that his trial counsel attempted to file the notice of appeal on January 9, 2019, the thirtieth day after rendition of the original final judgment. However, due to an error in the portal's payment processing system, trial counsel was unable to file the notice until the next morning. Counsel believed that, because she attempted to file the notice of appeal on January 9th, the time stamp would reflect that date. Former husband attached an affidavit from trial counsel setting forth these facts, as well as a document detailing a history of trial counsel's logins into the portal.

After reviewing former husband's jurisdictional statement, this court ordered the clerk to respond and explain: (1) whether the portal accepts notices of appeal without the requirement of payment of a filing fee; (2) whether there is any way to file a notice of appeal if the portal's payment system malfunctions; and (3) whether the portal or payment system did, in fact, malfunction on January 9, 2019. In response, the clerk indicated that filers are only able to upload notices of appeal to the portal if they are accompanied by either a filing fee or an application for determination of indigent status. The clerk also stated that filers can file a notice of appeal in-person in the event of a malfunction, but that it had no actual knowledge of whether the portal malfunctioned on January 9th.

This court then relinquished jurisdiction to the circuit court for the purpose of holding an evidentiary hearing to determine: (1) whether the clerk accepts notices of appeal filed electronically without the requirement of either paying a filing fee or submitting an application for determination of indigent status; and (2) whether former husband attempted to file the notice of appeal on January 9, 2019, but could not do so because either a filing fee or application for determination of indigent status was also required.

The circuit court issued an order detailing its findings after the evidentiary hearing. The circuit court found that the portal does not allow filers to electronically file a notice of appeal unless it is accompanied by either a filing fee or an application for determination of indigent status. Additionally, the circuit court heard testimony from former husband's trial counsel, whom it found to be a credible witness, and found that counsel did attempt to upload the notice of appeal to the portal on January 9th. The circuit court noted that, "[r]egardless of the reason for the failure of the payment of the filing fee to go through the Portal, it is apparent that the filing fee is a pre-requisite to the Portal accepting the Notice of Appeal."

In *Jones v. Peninsula Motor Club, Inc.*, 558 So. 2d 517, 518 (Fla. 1st DCA 1990), the First District noted a "recurring problem" with county clerks rejecting notices of appeal filed without an accompanying fee:

> A notice of appeal timely filed without simultaneous payment of the filing fee acts to vest jurisdiction in the appellate court. The timely filing of the notice of appeal is jurisdictional, the timely deposit of the required fee is not. The clerks of the circuit courts are directed to accept and file a notice of appeal, with or without the filing fee or verified affidavit of indigency, when it is tendered. The notice is not to be returned to the appellant by the clerk if it is later discovered the fee has not been paid. The sanction for the refusal or inexcusable negligence of an appellant who fails to pay the required filing fee or obtain a certification of indigency lies within the discretion of the appellate court.

*Id.* at 518-19 (citing *Williams v. State*, 324 So. 2d 74, 77 (Fla. 1975)). *See also Hughes v. State*, 565 So. 2d 354, 356 (Fla. 1st DCA 1990) ("[I]t is the ministerial duty of a trial court clerk to accept and promptly file a notice of appeal when tendered.").

Although *Jones* was issued before electronic filing existed, the underlying principle still applies. *See* 558 So. 2d at 518. Clerks of the circuit courts must accept notices of appeal with or without an accompanying filing fee or application for determination of indigent status, whether filed in-person, through the mail, or electronically through the portal. *See id.* In other words, we conclude that filers must be able to submit notices of appeal to the portal without any other prerequisites to successfully complete the filing.

3

Here, the circuit court found that former husband's trial counsel attempted to file the notice of appeal on January 9, 2019, the thirtieth day from rendition of the order on appeal but was unable to do so. Accordingly, we have jurisdiction because appellant's appeal is deemed timely filed.

MAY, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*

4